## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

AMERICAN CUSTOMER
SATISFACTION INDEX, LLC,

     *Plaintiff,*

v.

FORESEE RESULTS, INC., a Michigan
corporation,

     *Defendant*.

Case No. 2:18-cv-13319-GAD-MKM

Hon. Gershwin A. Drain
Magistrate Judge Mona K. Majzoub

## ANSWER TO COMPLAINT

    ForeSee Results, Inc. ("ForeSee" or "Defendant") on behalf of itself hereby answers Plaintiff American Customer Satisfaction Index, LLC's Complaint. Defendant expressly reserves its right to later challenge by way of motion personal jurisdiction and/or venue.



## PARTIES, JURISDICTION, AND VENUE

1.      This is an action for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C.A. §§1114(1) and 1125(a); violation of the Michigan Trademark Act, MCLA §§429.31 *et seq*.; and the common law of the State of Michigan.

**ANSWER:** Defendant admits that Plaintiff filed a lawsuit alleging violation of various statutes and the common law.   Defendant denies the allegations in Paragraph 1 to the extent they imply Defendant has violated the law or otherwise committed any wrongdoing.


2.      ACSI is a Michigan limited liability company with its registered office located at 625 Avis Drive, Ann Arbor, Michigan, which is in this judicial district.

**ANSWER:** Defendant admits, upon information and belief, that Plaintiff is a Michigan limited liability company with offices located in Michigan.


3.      Upon information and belief, ForeSee is a Michigan corporation with its principal place of business in Ann Arbor, Michigan.

**ANSWER:** Denied.


4.      Upon information and belief, ForeSee conducts business in the State of Michigan in connection with the acts and omissions alleged herein, including but not limited to entering into contracts with Michigan business entities,



2

collaborating with Michigan business entities to further its sales and marketing efforts, offering and/or selling its products and services in Michigan, sending its employees and/or agents to Michigan in furtherance of ININ's business, and disseminating its advertisements and marketing materials to business entities located and/or doing business in Michigan.

**ANSWER:** The allegations in paragraph 4 are so vague that Defendant is unable to decipher what specific acts, omissions, or conduct are being alleged. Further, it is unclear how "ININ" is relevant to this matter. Therefore, Defendant denies the allegations of paragraph 4.

5.    ForeSee has directly done and/or caused acts to be done, and/or caused consequences to occur in the State of Michigan, resulting in injuries to ACSI.

**ANSWER:** Denied.

6.    ForeSee has directly done and/or caused acts to be done and/or the consequences to occur in the State of Michigan, which have resulted in injuries to ACSI.

**ANSWER:** Denied.

7.    The acts of infringement of ACSI's trademark and trade name by Defendant have resulted in injuries occurring to ACSI in the State of Michigan, within the jurisdiction of this Court.



**ANSWER:** Denied.

8.     Subject matter jurisdiction is founded, *inter alia,* upon 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

**ANSWER:** The allegations in paragraph 8 consist solely of statements of law and not averments of fact to which a responsive pleading is required or permitted. For its answer, Defendant refers to the specific statutes cited for their contents.

9.     This Court has general *in personam* jurisdiction over Defendant in this cause pursuant to Mich. Comp. Laws Ann. §600.711.

**ANSWER:** Admitted.

10.     This Court has limited or specific *in personam* jurisdiction over Defendant pursuant to Mich. Comp. Laws § 600.705; Mich. Stat. Ann. § 27A.705 and Mich. Comp. Laws § 600.715; Mich. Stat. Ann. §27A.715.

**ANSWER:** Defendant admits this allegation as to Mich. Comp. Laws § 600.715, but otherwise denies this allegation.

11.     Venue is properly laid in this judicial district, pursuant to 28 U.S.C. § 1391(b)(3).

**ANSWER:** Admitted.



4

12. The matter in controversy exceeds, exclusive of interest, costs and attorney fees, the sum of $100,000.00.

**ANSWER:** Denied.

<strong>ACSI'S PRODUCTS AND SERVICES</strong>

13. ACSI incorporates the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:** Paragraph 13 contains no new allegations and merely incorporates by reference prior allegations. Defendant incorporates its answers to paragraphs 1-12 above.

14. ACSI is a company that, among other things, produces the American Customer Satisfaction Index ("the Index"). The Index is an economic indicator that measures the satisfaction of consumers for companies across many sectors in the U.S. economy.

**ANSWER:** Defendant admits, upon information and belief, that ACSI produces the American Customer Satisfaction Index (the "ACSI Index"). Defendant lacks sufficient information to either admit or deny the remaining allegations of paragraph 14, and therefore denies them.

15. The Index is the only national cross-industry measure of customer satisfaction in the country.

**ANSWER:** Denied.



16.    The Index benefits businesses, researchers, policy makers, and consumers alike by serving as a national indicator of the health of the U.S. economy.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

## ACSI'S PROPRIETARY METHODOLOGY

17.    ACSI has developed proprietary survey questions, survey methodology, and survey analytic methodology, the results of which are evaluated to produce an ACSI Score.  The ACSI Score is included within the Index and can be used by companies to benchmark their customer satisfaction performance.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18.    Among other services, ACSI offers its subscribers an ACSI Score and the key metrics and analysis underlying and driving that score. ACSI's proprietary processes enable its subscribers to gauge competitiveness, identify key drivers of customer satisfaction, and predict future profitability.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.



19.    ACSI generates ACSI Scores using its proprietary survey analytics and proprietary methodology, none of which has been licensed to ForeSee. Accordingly, ACSI is the only company that can issue an ACSI Score or produce ACSI surveys.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.    ACSI's customers purchase subscriptions, which provide them with access to in-depth perspectives that quantify their customer satisfaction survey results and relationship with key metrics of performance drivers. The subscription provides customers with a host of data and the analysis underlying their ACSI Score, as well as key ways to efficiently and meaningfully improve their customer satisfaction scores.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21.    ACSI's business customers use their ACSI Score, benchmarked against the scores of competitors, as a tool for gauging the competitiveness and predicting future profitability.



7

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22.     ACSI issues sublicenses to a variety of companies enabling them to utilize ACSI's proprietary methodology and to use the ACSI name and marks in accordance with their respective license agreements.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.     Because only ACSI and its licensees utilize ACSI methodology, surveys not administered by them and survey results not generated by them cannot be compared to ACSI surveys or results.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.     Because scores on the ACSI Index are generated using ACSI's proprietary methodology, companies that do not use ACSI methodology cannot compare their customer satisfaction surveys or survey results to the scores on the ACSI Index.



**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25.     Because only ACSI and its licensees are permitted to utilize ACSI's proprietary methodology, no other companies may claim to use, apply, or have access to ACSI methodology.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.     Because customer satisfaction scores issued by companies other than ACSI and its licensees do not use ACSI methodology, those companies cannot compare customer satisfaction scores they generate to ACSI Scores.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

## THE ACSI NAME AND MARKS ARE LEGALLY PROTECTED

27.     The ACSI name and its marks have become well recognized in the field of customer satisfaction surveying, analytics, and benchmarking.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.



9

28.    ACSI uses and disseminates its marks with recognized ™ ,®,and SM symbols, putting Defendant on notice that its marks are registered and legally protected.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29.    Initially, ACSI was owned by the University of Michigan. In 2008, ACSI was spun off from the University of Michigan and became a private entity.

**ANSWER:** Defendant admits, upon information and belief, that the ACSI Index was developed by the University of Michigan.  Defendant further admits, upon information and belief, that ACSI operates as a private entity.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and therefore denies them.

30.    In September of 2008, ACSI, as Licensee, and the Regents of the University of Michigan, as Licensor, entered into an exclusive licensing agreement ("the License Agreement") that provided ACSI with, *inter alia*, the right to issue sublicenses, the right to preclude others from using the ACSI marks, an assignment of all preexisting sublicenses, and all rights and responsibilities for policing and enforcement of trademark rights in its name and protecting the ACSI marks and name.



**ANSWER:** Defendant denies ACSI entered into an exclusive licensing agreement. As already determined by a court in the Eastern District of Michigan, ACSI is not an exclusive licensee or assignee of the ACSI marks and therefore lacks standing to assert the ACSI marks. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and therefore denies them.

31.     As a result of the License Agreement, ACSI is the assignee of rights to and exclusive licensee of the following United States Trademark registrations (hereinafter "the Registrations"):

>    a.     United States Trademark Registration No. 2122772 for the word mark ACSI (copy of certificate attached as **Exhibit A**);

>    b.     United States Trademark Registration No. 2122752 for the mark ACSI and design (copy of certificate attached as **Exhibit B**).

**ANSWER:** Defendant denies ACSI is the assignee of rights and an exclusive licensee of the Registrations. As determined by a court in this district, ACSI is not an exclusive licensee or assignee and lacks standing to assert the ACSI marks covered by the Registrations.

32.     ACSI has continuously used its marks and name to advertise its services since at least 2008.



11

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them.

33.     Long prior to the acts of Defendant, ACSI has used and continues to use the trade name and trademarks listed herein as its business name and in connection with the products it markets and sells. ACSI has used its name and marks continuously and extensively in interstate commerce, including in the State of Michigan, in connection with the advertising and sale of its products.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.

34.     ACSI's marks and name are legally protectable.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

35.     The Registrations have become uncontestable under the Lanham Act and are conclusive evidence of the validity of the registered marks, the registration of the marks, ACSI's ownership rights in the marks, and its exclusive right to use the marks with the registered services, including the right to grantor revoke sublicenses.



**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies them.

36.    The marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of ACSI's services and its goodwill.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37.    Defendant has no right to use ACSI's marks and name in marketing and selling its products and services.

**ANSWER:** The allegations in this paragraph are unclear as to their scope and timeframe, and therefore Defendant denies them.

38.    Defendant has no right to claim to apply ACSI methodology.

**ANSWER:** The allegations in this paragraph are unclear as to their scope and timeframe, and therefore Defendant denies them.

39.    Defendant has no right to compare its customer satisfaction survey scores or results to ACSI Scores and any such comparisons are false and misleading.



**ANSWER:** Denied.

40.    Defendant has no right to compare its methodology to ACSI's proprietary methodology and any such comparisons are false and misleading.

**ANSWER:** Denied.

41.    Unauthorized use of the ACSI name and marks, and false comparisons to ACSI methodology devalues the ACSI name and marks and diminishes the value of the sublicenses ACSI sells.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies them.

**FORESEE'S ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

42.    ForeSee is in the business of conducting customer satisfaction and customer experience surveys for companies and governmental agencies.

**ANSWER:** Defendant denies ACSI's characterization of ForeSee's business. ForeSee provides customer experience analytics to companies across a wide spectrum of industries using its proprietary patented method.

43.    In 2002, when ACSI was part of the University of Michigan, ForeSee licensed the right to use that [sic] ACSI name and marks.



14

**ANSWER:** Defendant admits that it licensed the right to use the ACSI name and marks.

44.  In 2012, after ACSI was spun off from the University of Michigan, ACSI as licensor, and ForeSee, as licensee, entered into a Limited Trademark Sublicense Agreement ("License Agreement"). **Exhibit C**.

**ANSWER:** Defendant admits that it entered in a license agreement with ACSI. The remainder of the allegations in this paragraph are unclear, and therefore Defendant denies them.

45.  The License Agreement was "entered into by the parties to continued use of the Marks by [ForeSee] effective upon, and subsequent to, expiration of [ForeSee's] agreement with Michigan, all in accordance with the terms set forth below." *Id*. at Preamble, ¶D.

**ANSWER:** Denied. Preamble D of the License Agreement states "This Agreement is entered into by the parties to allow continued use of the Marks by Licensee effective upon, and subsequent to, expiration of Licensee's agreement with Michigan, all in accordance with the terms as set forth below."

46.  The License Agreement allowed ForeSee to continue use of the ACSI marks "in conjunction with other marks or phrases, such as 'powered by,' or words of similar import, solely for the measuring of customer satisfaction and other



15

factors related to [ForeSee's] customer consumption and purchase experience (the 'Purpose')." *Id*. at I(A).

**ANSWER:** Denied. Section I(A) of the License Agreement states "Subject to the terms and conditions of this Agreement, ACSI LLC hereby grants to Licensee a non-exclusive worldwide right to use the Marks in conjunction with other marks or phrases, such as 'powered by', or words of similar import, solely for the measuring of customer satisfaction and other factors retailed to Licensee's customers' consumption and purchase experience (the "Purpose")."

47.     The License Agreement obligated ForeSee to "secure and protect the Marks and any copies thereof in a manner not less secure and protective than [ForeSee] affords to similar information owned by it." *Id*. at II(D).

**ANSWER:** Denied. Section II(D) of License Agreement states "Licensee agrees to secure and protect the Marks and any copies thereof in a manner not less secure and protective than Licensee affords similar information owned by it."

48.     The License Agreement explicitly stated that no ownership rights in the Marks were conferred upon ForeSee. *Id*. at IV(A).

**ANSWER:** Denied. Section IV(A) of the License Agreement states "No ownership rights in the Marks are conferred upon Licensee by this Agreement. No ownership rights of Licensee in the results of its use of the Marks are conferred upon ACSI LLC by this Agreement."



49. ForeSee acknowledged ACSI's proprietary rights in the Marks. *Id*. at IV(B).

**ANSWER:** Denied. Section IV(B) of the License Agreement states "Licensee acknowledges Michigan's and ACSI LLC's proprietary rights in the Marks and agrees to reproduce all copyright or other notices supplied by ACSI LLC on all copies thereof."

50. ForeSee agreed that any use of the ACSI's Marks would be accompanied by trademark notices. *Id*. at VII(E).

**ANSWER:** Denied. Section VII(E) of the License Agreement states "All copies of materials created and/or distributed by Licensee in connection with the Purpose and/or the Marks shall contain trademark notices, as applicable, in appropriate locations and forms. Such notices shall be consistent with any instructions which might reasonably be provided by Michigan or by ACSI LLC."

51. On August 8, 2013, ForeSee terminated its license. **Exhibit D.** The effective date of termination was December 8, 2013. *Id*.

**ANSWER:** Admitted.

52. Despite voluntarily terminating its license, and despite its knowledge of ACSI's proprietary rights to the ACSI name and marks, ForeSee continued to use the ACSI name and marks in its advertising, marketing and promotional materials, and in governmental schedules for soliciting bids.



17

**ANSWER:** Denied.


53.     Despite voluntarily terminating its license, ForeSee failed to inform its existing customers that ForeSee was no longer applying ACSI methodology.

**ANSWER:** Denied.


54.     Despite voluntarily terminating its license, ForeSee continuously used the ACSI name in its own products, including but not limited to "Foresee's American Consumer Satisfaction Index (ACSI) Web-Based Survey Data," "ForeSee's ACSI survey,"

**ANSWER:** Denied.


55.     Despite knowledge that such comparisons are inaccurate and misleading, ForeSee continuously compared its customer satisfaction scores to ACSI scores, compared its methodology to ACSI methodology, and falsely claimed that ForeSee's current methodology is the same as the methodology it used when it applied ACSI methodology.

**ANSWER:** Denied.


56.     Despite knowing that it no longer applied ACSI methodology, ForeSee promoted its survey results as utilizing the same methodology, thereby making its scores directly comparable to the scores ForeSee issued when it did utilize ACSI methodology.



**ANSWER:** Denied.

57.     ForeSee's references to ACSI were made without any trademark notices and ForeSee allowed its customers to use the ACSI name and mark without trademark notices.

**ANSWER:** Denied.

58.     Defendant has no trademark or other intellectual property rights in the ACSI marks or name, and have no right to sell, market, promote, or advertise its product by referencing ACSI or by claiming to utilize ACSI methodology.

**ANSWER:** The allegations in this paragraph are unclear as to their scope and timeframe, and therefore Defendant denies them.

59.     Use of ACSI methodology and ACSI's reputation as the market leader in customer satisfaction measurement were material aspects of the product ForeSee offered.

**ANSWER:** Denied.

60.     ACSI notified ForeSee of its infringement and of the infringement and demanded it cease all infringing activities, account for its unauthorized use of the ACSI name and marks, and correct the false statements it made to its customers, but ForeSee has refused, or otherwise failed to comply with ACSI's demands.



**ANSWER:** Defendant admits that ACSI sent correspondence to ForeSee summarizing activities, which ACSI alleged constituted infringement. Defendant denies that any of its actions constitutes or has constituted trademark infringement and further denies the remainder of the allegations in this paragraph.

61.     ForeSee has purposely and intentionally used the ACSI marks and name without authority and with knowledge of ACSI's exclusive rights. ForeSee's conduct is therefore willful.

**ANSWER:** Denied.

62.     As a result of ForeSee's improper use of the ACSI name and marks, multiple ForeSee customers purchased ForeSee's products and services with the false belief that ForeSee is affiliated with ACSI and applies ACSI methodology.

**ANSWER:** Denied.

63.     As a result of ForeSee's improper use of the ACSI name and marks, multiple ForeSee customers falsely believe that ACSI and ForeSee are affiliated, that ForeSee has issued them ACSI Scores, that ForeSee's Scores and survey results are comparable with ACSI Scores and survey results, that ForeSee Scores can be used as a benchmark to ACSI Scores, that ForeSee applies ACSI methodology, and that ForeSee administers ACSI surveys.

**ANSWER:** Denied.



64.     Upon information and belief, by improperly leveraging the ACSI name and marks, ForeSee has narrowly outbid an ACSI that pays for a license to utilize ACSI methodology.

**ANSWER:** Denied.

### COUNT I - FEDERAL TRADEMARK INFRINGEMENT

65.     ACSI incorporates the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:** Paragraph 65 contains no new allegations and merely incorporates by reference prior allegations. Defendant incorporates its answers to paragraphs 1-64 above.

66.     ForeSee's use of the ACSI marks in commerce in connection with the sale, offering for sale, distribution, or advertising of its customer satisfaction survey services and analytics is likely to cause confusion or mistake, and deceive.

**ANSWER:** Denied.

67.     ForeSee's use of the ACSI's marks in commerce in connection with the sale, offering for sale, distribution, or advertising of its customer satisfaction survey services has caused actual confusion, mistake, and deception in the market.

**ANSWER:** Denied.

68.     ForeSee's conduct constitutes trademark infringement under 15 U.S.C. Section 1114.



**ANSWER:** Denied.

69. ForeSee's conduct has caused damage to ACSI.

**ANSWER:** Denied.

70. ForeSee's conduct will cause further irreparable injury to ACSI if it is not restrained by this Court from further violation of ACSI's rights.

**ANSWER:** Denied.

71. ACSI is entitled to damages for trademark infringement, in an amount to be proved at trial.

**ANSWER:** Denied. Because ACSI is not entitled to any relief for federal trademark infringement, ACSI is likewise not entitled to any of the relief sought in sections A-F of paragraphs 71 of Count I.

## COUNT II – FEDERAL UNFAIR COMPETITION

72. For Count II, ACSI incorporates the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:** Paragraph 72 contains no new allegations and merely incorporates by reference prior allegations. Defendant incorporates its answers to paragraphs 1-71 above.



73.    ForeSee's use of ACSI's marks in commerce is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

**ANSWER:** Denied.

74.    ForeSee's use of the marks in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of ForeSee with ACSI, or to the origin, sponsorship, imprimatur, or approval of ForeSee products and services by ACSI.

**ANSWER:** Denied.

75.    ForeSee's use of the marks in commerce has caused actual confusion, mistake, and deception as to the affiliation, connection, imprimatur, or association of ForeSee with ACSI, or to the origin, sponsorship, or approval of Defendant's products and services by ACSI.

**ANSWER:** Denied.

76.    ForeSee's conduct violates 15 U.S.C. §1125(a).

**ANSWER:** Denied.

77.    ForeSee's conduct has caused damage to ACSI.

**ANSWER:** Denied.



78.    ForeSee's conduct will cause further irreparable injury to ACSI if it is not restrained by this Court from further violation of ACSI's rights.

**ANSWER:** Denied. Because ACSI is not entitled to any relief for federal unfair competition, ACSI is likewise not entitled to any of the relief sought in section a A-F of paragraph 78 of Count II.

### COUNT III –VIOLATION OF MCL 429.42

79.    For Count III, ACSI incorporates the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:** Paragraph 79 contains no new allegations and merely incorporates by reference prior allegations. Defendant incorporates its answers to paragraphs 1-78 above.

80.    ForeSee's use of ACSI's marks and name in commerce is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

**ANSWER:** Denied.

81.    ForeSee's use of ACSI's marks and name in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with ACSI, or to the origin, sponsorship, or approval of Defendant's products and services by ACSI.

**ANSWER:** Denied.



82.    ForeSee's use of ACSI's marks and name in commerce has caused actual confusion, mistake, and deception as to the affiliation, connection, or association of ForeSee with ACSI, or to the origin, sponsorship, or approval of ForeSee's products and services by ForeSee.

**ANSWER:** Denied.

83.    ForeSee's use of ACSI's marks, trade dress, and name in commerce constitutes "passing off" its services as those of ACSI, thus creating confusion between ForeSee's products and services and ACSI's products services.

**ANSWER:** Denied.

84.    ForeSee's conduct is fraudulent or deceptive and tends to mislead the public.

**ANSWER:** Denied.

85.    ForeSee's conduct constitutes unfair competition under the common law of the State of Michigan.

**ANSWER:** Denied.

86.    ForeSee's conduct has caused damage to ACSI.

**ANSWER:** Denied.



87.     ForeSee's conduct will cause further irreparable injury to ACSI if it is not restrained by this Court from further violation of ACSI's rights.

**ANSWER:** Denied. Because ACSI is not entitled to any relief under MCL 429.42, ACSI is likewise not entitled to any of the relief sought in the "WHEREFORE" clause of paragraph 87 of Count III.

### COUNT IV - COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

88.     For Count IV, ACSI incorporates the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:** Paragraph 88 contains no new allegations and merely incorporates by reference prior allegations. Defendant incorporates its answers to paragraphs 1-87 above.

89.     The State of Michigan expressly recognizes the rights and enforcement of rights in tradenames and trademarks acquired under the common law. MICH. COMP. LAW S §429.44.

**ANSWER:** Denied.

90.     ACSI's marks and name are source identifiers for the customer satisfaction surveys and result analytics that ACSI provides.

**ANSWER:** Denied.



91.     ForeSee's conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, is likely to cause confusion, or to cause mistake, or to deceive.

**ANSWER:** Denied.

92.     ForeSee's conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, has caused actual confusion, mistake, and/or deception.

**ANSWER:** Denied.

93.     ForeSee's conduct therefore constitutes trademark infringement under the law of the State of Michigan.

**ANSWER:** Denied.

94.     ForeSee's conduct has caused damage to ACSI.

**ANSWER:** Denied.

95.     ForeSee's acts have resulted in its unjust enrichment.

**ANSWER:** Denied.

96.     ForeSee's conduct will cause further irreparable injury to ACSI if it is not restrained by this Court from further violation of ACSI's rights.



**ANSWER:** Denied. Because ACSI is not entitled to any relief for common law trademark infringement and unfair competition, ACSI is likewise not entitled to any of the relief sought in paragraphs A-F of paragraph 96 of Count IV.

## COUNT V - COMMON-LAW UNFAIR COMPETITION

97.     For Count V, ACSI incorporates the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:** Paragraph 97 contains no new allegations and merely incorporates by reference prior allegations. Defendant incorporates its answers to paragraphs 1-96 above.

98.     ForeSee's conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, is likely to cause confusion, or to cause mistake, or to deceive.

**ANSWER:** Denied.

99.     ForeSee's conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, has caused actual confusion, mistake, and/or deception.

**ANSWER:** Denied.



100.   ForeSee's conduct therefore constitutes unfair competition under the law of the State of Michigan.

**ANSWER:**  Denied.

101. ForeSee's conduct has caused damage to ACSI.

**ANSWER:**  Denied.

102.   ForeSee's acts have resulted in ForeSee's unjust enrichment.

**ANSWER:**  Denied.

103.   ForeSee's conduct will cause further irreparable injury to ACSI if it is not restrained by this Court from further violation of ACSI's rights.

**ANSWER:**  Denied. Because ACSI is not entitled to any relief for common law unfair competition, ACSI is likewise not entitled to any of the relief sought in paragraphs A-F of paragraph 103 of Count V.

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted in this Answer.

Defendant denies that Plaintiff is entitled to any of the relief requested in its Complaint.



29

## **AFFIRMATIVE AND OTHER DEFENSES**

Further answering the Complaint, and as additional defenses thereto, Defendant asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on the Plaintiffs:

1.     **First Affirmative Defense:** Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     **Second Affirmative Defense:** Plaintiff lacks standing for one or more of the asserted claims.

3.     **Third Affirmative Defense:** One or more of Plaintiff's claims may be barred by the applicable statute of limitations.

4.     **Fourth Affirmative Defense:** Plaintiff's claims are barred by the doctrines of fair use, collateral use, comparative use, collateral use, nominative use, or any other similar legal theory.

5.     **Fifth Affirmative Defense:** Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, or waiver, including the doctrine of collateral estoppel.

6.     **Sixth Affirmative Defense:** Plaintiff's claims are barred, in whole or in part, because the exploitations of the marks at issue were licensed and/or otherwise authorized.

7.     **Seventh Affirmative Defense:** Defendant has not willfully infringed and is not willfully infringing any valid and enforceable federal or common law trademark owned by Plaintiff, thereby precluding Plaintiff from recovering trebled damages, attorneys' fees and/or costs under 35 U.S.C. § 1117(a) and (b).



8.      **Eighth Affirmative Defense:** One or more of the claims in the Complaint is preempted by federal law.

9.      **Ninth Affirmative Defense:** Defendant reserves the right to amend any Affirmative Defense set forth above and to assert additional Affirmative Defenses in this matter, including such additional defenses learned through discovery and investigation in this matter.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant respectfully requests judgment in its favor, including:

A.      That Plaintiff's claims be dismissed with prejudice;

B.      That judgment be entered in favor of Defendant and against Plaintiff for each and every claim asserted in the Complaint;

C.      That all costs and attorneys' fees incurred by Defendant in defending this action be assessed against Plaintiff and awarded to Defendant, to the extent appropriate under law;

D.      For such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

ForeSee Results, Inc. hereby demands a trial by jury.



Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  December 18, 2018

  /s/  Chanille Carswell
CHANILLE CARSWELL (P53754)
CHRISTOPHER C. SMITH (P73936)
ANITA C. MARINELLI (P81986)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351
Email: ccarswell@brookskushman.com
        csmith@brookskushman.com
        amarinelli@brookskushman.com

*Attorneys for Defendant*



32

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on <u>December 18, 2018</u>, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  _____.

**BROOKS KUSHMAN P.C.**

  /s/ Chanille Carswell
CHANILLE CARSWELL (P53754)
CHRISTOPHER C. SMITH (P73936)
ANITA C. MARINELLI (P81986)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351
Email: ccarswell@brookskushman.com
       csmith@brookskushman.com
       amarinelli@brookskushman.com

*Attorneys for Defendant*

