UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMERICAN CUSTOMER SATISFACTION
INDEX, LLC,

    Plaintiff,       Case No. 18-cv-13319

v.            Hon. Gershwin A. Drain


FORESEE RESULTS, INC.,


    Defendant.

_____/


**OPINION AND ORDER FINDING DEFENDANT'S MOTION TO DISMISS
[#11] MOOT, GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT [#20],
DENYING PLAINTIFF'S MOTION TO STRIKE [#16], DENYING
WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISMISS
COUNTER-COMPLAINT [#25], REQUIRING DEFENDANT TO FILE AN
AMENDED COUNTER-COMPLAINT AND CANCELING HEARING**


**I. INTRODUCTION**

   Plaintiff American Customer Satisfaction Index, LLC (ACSI) filed the

instant action against Defendant ForeSee Results Inc. (ForeSee) alleging federal

trademark infringement under 15 U.S.C. § 1114, Count I; federal unfair

competition under 15 U.S.C. § 1125, Count II; state unfair competition in violation

of MICH. COMP. LAWS §429.42,[1] Count III; common law trademark infringement, Count IV; common law unfair competition, Count V; and breach of contract, Count VI.

Presently before the Court are the following motions: (1) Defendant's Motion to Dismiss Amended Complaint, (2) Plaintiff's Motion to Strike or to Disqualify Counsel and (3) Plaintiff's Motion to Dismiss Counter-Complaint. These matters are fully briefed and upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the parties' present motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). The hearing set for August 5, 2019 is hereby canceled.

For the reasons that follow, the Court will grant in part and deny in part Defendant's Motion to Dismiss Amended Complaint, deny Plaintiff's Motion to Strike or to Disqualify Counsel and deny without prejudice Plaintiff's Motion to Dismiss Counter-Complaint.

## II.    FACTUAL BACKGROUND

ACSI is a company that produces the American Consumer Satisfaction Index (the "Index"), which is an economic indicator that measures the satisfaction of consumers for companies across many sectors in the U.S. economy. *See* Am. Compl. ¶ 14. ACSI has developed proprietary survey questions, survey

---

[1] Plaintiff concedes that this claim is subject to dismissal under Rule 12(b)(6), thus this claim is HEREBY DISMISSED.

methodology, and survey analytic methodology, the results of which are used to produce an ACSI score. *Id*., ¶ 17. Companies utilize this score to gauge customer satisfaction performance. *Id.* Plaintiff's proprietary survey and methodology enables subscribers to assess competitiveness, identify key factors driving consumer satisfaction and predict future profitability. *Id*., ¶ 18.

Initially, ACSI was owned by the University of Michigan (Michigan), which was the registrant of two trademarks bearing the ACSI name and logo. *Id*., ¶¶ 29, 31. However, in 2008, ACSI was spun off from Michigan and became a private entity. *Id.*, ¶ 29. Prior to the spinoff, Michigan had granted several licenses to various companies, including Defendant, allowing those companies to use ACSI marks.

Plaintiff maintains that when ACSI was spun off into a private entity, Michigan granted ACSI an exclusive license to police, enforce, and manage the ACSI marks to grant sublicenses. *Id*., ¶ 30. In 2008, Michigan sent Defendant notice that ACSI was spun off from Michigan. *Id*., ¶ 44. In the notice, Michigan informed ForeSee that it had assigned ForeSee's license agreement to ACSI, including any future amendments. *Id*., ¶ 45. ForeSee acknowledged the assignment. *Id*., ¶ 46.

In 2012, ACSI and ForeSee entered into a Limited Trademark Sublicense Agreement. *Id*., ¶ 47, Ex. C. The Sublicense Agreement permitted "continued use

of the Marks by [ForeSee] effective upon, and subsequent to, expiration of [ForeSee's] agreement with Michigan[.]" *Id.*, Ex. C, ¶ D. The Sublicense Agreement noted that Plaintiff was granted an "exclusive license . . . with the right to sublicense, under Michigan's rights in the Marks[.]" *Id.*, Ex. C, ¶ C. In August of 2013, Defendant elected to voluntarily terminate its license to use the ACSI marks. *See* Am. Compl., ¶ 55.

Despite voluntarily terminating its license, ForeSee continued to use the ACSI marks, used the ACSI name as part of its own product names, and continued to claim use of the ACSI methodology. *Id.*, ¶¶ 59-60. As a result of ForeSee's improper use of the ACSI name and marks, many ForeSee customers have purchased ForeSee products and services with the false belief that ForeSee is affiliated with ACSI and applies ACSI methodology. *Id.*, ¶ 66.

## III. LAW & ANALYSIS

### A. Defendant's Motion to Dismiss Amended Complaint

#### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is

and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

## 2. Collateral Estoppel

ForeSee's main argument in support of dismissal is that Plaintiff's claims are barred by the doctrine of collateral estoppel. ForeSee relies on a prior suit filed by ACSI against Genesys Telecommunications Labs alleging trademark infringement. *See American Customer Satisfaction Index, LLC v. Genesys Telecommunications Labs, Inc.*, 17-cv-12554 (*Genesys* litigation).

In the *Genesys* case, the defendant argued that ACSI did not have standing to bring a federal trademark infringement claim because ACSI is not a "registrant" within the meaning of the Act. Ultimately, the *Genesys* court agreed with the defendant and concluded that "the term registrant is not defined to include an exclusive licensee, then exclusive licensee does not have standing . . . to bring an

infringement claim under the Lanham Act." *See* Def.'s Mot. to Dism., Ex. 2 at p. 49. The *Genesys* court further held that "[e]ven if an exclusive licensee could conceivably have standing to bring an infringement claim, . . . the license agreement here is not an exclusive license." *Id*. Thus, ForeSee argues that ACSI's federal trademark infringement claim is barred by collateral estoppel because ACSI relies on the same License Agreement that the *Genesys* court relied on in concluding it was not an exclusive license.

"[C]ollateral estoppel bars subsequent re-litigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. DOT*, 566 F.3d 582, 589 (6th Cir. 2009). "Four requirements must be met before collateral estoppel applies: (1) the issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Id*. Collateral estoppel is properly raised in a Rule 12(b)(6) motion to dismiss. *See Evans v. Pearson Enters., Inc*., 434 F.3d 839, 849-50 (6th Cir. 2006).

Plaintiff does not argue that the first requirement for collateral estoppel is absent. Defendant asserts that the issue of ACSI's standing was raised and actually litigated in the *Genesys* case. After Genesys filed a motion for judgment on the pleadings, ACSI filed a response opposing the motion. The *Genesys* court held a hearing and determined that ACSI lacked standing to enforce the ACSI marks. The Court finds that the issue of ACSI's standing to bring a federal trademark infringement claim has already been raised and litigated in a prior action.

As to the second requirement, ACSI relies on the *Genesys* court's decision to allow Michigan to enter the case and proceed against Genesys on the federal trademark claim. Indeed, prior to reaching its decision on the standing issue, the *Genesys* court noted that "ruling on the Motion might not even be necessary if the University of Michigan was added as a plaintiff." *See* Def.'s Mot. Dism., Ex. 2 at p. 41-42. The *Genesys* court further explained that: "Now, despite that analysis, at the end of the day, this seems to me to be a much ado about nothing. Because I will let Michigan come into this case and if there is a real claim of infringement here, I've got no issue with Michigan litigating it and doing it in this action." *Id*. at p. 52. Here, it appears that the second requirement is met because ASCI's lack of standing was necessary to dismissal of ASCI's federal trademark infringement claim against Genesys. Neither party has addressed whether it would be appropriate for this Court to fashion a similar remedy as the *Genesys* court—

specifically allowing Michigan to enter the case and proceed with the federal trademark claim against ForeSee.

ACSI argues that the third factor is absent because the *Genesys* court's decision is not sufficiently final to assert collateral estoppel. Contrary to ACSI's argument, the Sixth Circuit has repeatedly held that a judgment can be sufficiently final for collateral estoppel purposes without fully being appealable. *See American Postal Workers Union Columbus Area Local v. United States Postal Service,* 736 F.2d 317, 319 (6th Cir. 1984); *Employees Own Federal Credit Union v. Defiance*, 752 F.2d 243, 245 (6th Cir. 1984); *Birgel v. Board of Comm'rs*, 125 F.3d 948, 951-52 (6th Cir. 1997) (state appellate court's decision dismissing the claims was sufficiently firm to bar an identical claim brought in federal court even though there was no final judgment in the state case); *Watermark Senior Living Ret. Cmtys., Inc. v. Morrision Mgmt. Specialists*, 905 F.3d 421, 430 (6th Cir. 2018).

The *American Postal Workers Union Columbus Area Local* court held that even though there was no final judgment, "such a judgment is not required so long as there has been a final decision with respect to the issue to be given preclusive effect (in this case the motion to dismiss)." 736 F.2d at 319. Based on the well-settled authority, the third factor is met for collateral estoppel purposes.

Lastly, ACSI had a full and fair opportunity to litigate the standing issue in the *Genesys* action. ACSI argues that collateral estoppel is inapplicable because

the *Genesys* court did not have an opportunity to review the sublicense agreement between ACSI and Defendant.  However, the statements made in the sub-license agreement have no bearing on whether Michigan transferred adequate rights to ACSI sufficient to confer standing. Rather, the Michigan license with ACSI controls the standing inquiry—not statements in an agreement with Defendant. Based on the foregoing considerations, the Court concludes that collateral estoppel precludes ACSI's federal trademark infringement claim.

### 3. Standing

Defendant also argues that even if this Court finds collateral estoppel does not apply, ACSI has not demonstrated that the license agreement confers standing on ACSI.  ACSI counters that it does have standing because it has property interests in the marks.

A minority of courts have recognized that, in limited circumstances, "an exclusive licensee's interest in the mark may be sufficient to confer standing." *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co*., 339 F. Supp. 2d 944, 959 (W.D. Mich. 2004).  For this exception to apply, "the exclusive license must be tantamount to an assignment where the licensee stands in the shoes of the trademark owner."  *Profusion Industries, LLC v. Chem-Tek Sys*., No. 5:16-cv-164, 2016 U.S. Dist. LEXIS 170670, *12  (N.D. Ohio Dec. 9, 2016).

Here, the License Agreement does not confer exclusive licensee status on ACSI. The License imposes significant restrictions upon ACSI, including: a) Michigan retains a royalty-free, irrevocable license to use the ACSI marks (ECF No. 20-2 at § 2.5), b) the License Agreement states ACSI's use of the marks inures to the benefit of Michigan (*Id*. at § 2.6), c) ACSI is prohibited from doing anything that will be a derogation of any of Michigan's rights to the ACSI marks either during the term of agreement or after (such as abandoning the marks) (*Id.* at § 7.2), d) ACSI is prohibited from assigning the license or any rights under the agreement without Michigan's consent (*Id.* at § 14.11), e) ACSI is prohibited from settling any infringement suits without Michigan's consent (*Id*. at § 8.1), f) when Michigan elects to bring an infringement action, it has full settlement authority without ACSI's consent (*Id.* at §8.3), g) when Michigan brings an infringement action, ACSI is stripped of all sublicensing rights during the pendency of any such action (*Id*.), h) ACSI must notify Michigan thirty days before filing any suit for infringement (*Id.* at § 8.1), i) ACSI's license is subject to seven existing licenses to the marks and related software, including a future license to be issued by Michigan after ACSI obtained its license (*Id.* at Preamble, § 1.1), j) ACSI is prohibited from interfering with any third-party's use of the marks under an existing license, nor can ACSI impose any restrictions on such third-party's use that is more restrictive than those contained in the existing licenses (*Id*. at § 2.2), k)

trademark notices for ACSI's products distributed in connection with the marks are to be consistent with "any instructions which might be provided by Michigan." (*Id.* at § 14.5), l) all sublicensees of ACSI are required to allow Michigan access to the sublicensees' records for auditing (*Id*. at § 4.3), and m) upon termination of ACSI's license, all sublicensees of ACSI also terminate (*Id*. at § 6.3).

In its Amended Complaint, ACSI included allegations that Defendant acknowledged that ACSI had an exclusive license from Michigan. However, how ACSI identified itself in an agreement between Michigan and ACSI is irrelevant to whether the agreement between Michigan and ACSI is actually an exclusive license that confers standing. Rather, the only party who can confer standing on ACSI is the trademark owner, Michigan. *See* 15 U.S.C. § 1114; *Bliss*, 339 F. Supp. 2d at 958. ACSI's reliance on *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1189-90 (6th Cir. 1988) is misplaced. ACSI argues that *Wynn Oil* held that an exclusive license constitutes a property interest sufficient to confer standing. However, whether an exclusive licensee constitutes a property interest was not raised or addressed by the *Wynn Oil* court. *Id.* Indeed, the *Bliss* court stated that *Wynn Oil*'s brief discussion is not illuminating on the issue of licensee standing. *Bliss*, 339 F. Supp.2d at 959.

In any event, the License Agreement reflects that both Michigan and third-parties have rights in the ACSI marks, which cannot be "interfered with" by ACSI.

ECF No. 20-2 at § 2.2.  As such, the limited exception for standing of "exclusive licensees" as recognized in *Bliss* does not apply here since ACSI is not an exclusive licensee.

Based on the foregoing, the Court concludes that ACSI lacks standing to bring its federal trademark infringement claim because it is not an exclusive licensee.

### 4. Common Law Infringement (Count IV) and Federal and Common Law Unfair Competition (Counts II, III, and V)

Defendant also argues that because ACSI is not an exclusive licensee nor the owner of the marks, ACSI's common law trademark infringement claim is also barred for lack of standing.  ForeSee further asserts that Plaintiff's federal and common law unfair competition claims should be dismissed to the extent these claims are based on trademark infringement.

As to Plaintiff's unfair competition claims, the Court finds that Defendant's argument is premature and more appropriate for summary judgment.  Plaintiff's unfair competition claims are not only based on ForeSee's improper use of ACSI's name, but also stems from ForeSee's false claims that it is affiliated with ACSI and applies ACSI methodology.  Moreover "[u]nlike a trademark infringement claim actionable only by the trademark owner and 'exclusive licensees,' a Lanham Act § 1125(a) unfair competition claim may be brought 'by any person who believes that he or she is likely to be damaged by' the false designation of origin of goods, or

false description or representation of goods." *See Armada Oil & Gas Co. v. Eppco, Inc.*, No. 06-CV-10269, 2007 U.S. Dist. LEXIS 68280, *10-11 (E.D. Mich. Sep. 17, 2007) (quoting 15 U.S.C. § 1125(a); *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F. 2d 154, 160 (1st Cir. 1977) ("Thus, one who may suffer adverse consequences from a violation of section 1125(a) has standing to sue regardless of whether he is the registrant of a trademark.").

Plaintiff's common law unfair competition claim also survives because a registered trademark is not a requirement for a cause of action for common law unfair competition. *See Schwannecke v. Genesee Coal & Ice Co.*, 262 Mich. 624, 627, 247 N.W. 761, 762 (1933) (citation omitted) ("Irrespective of the technical question of trademark, the defendants have no right to dress their goods up in such a manner as to deceive an intending purchaser, and induce him to believe he is buying those of the plaintiffs."). Here, ACSI has alleged that ForeSee is passing off its products as using ACSI methodologies even though it does not use such methodologies. Plaintiff's common law unfair competition claim is likewise not subject to Rule 12(b)(6) dismissal.

Lastly, a trademark registration is not a requirement for a cause of action for common law trademark infringement. *See Smith v. Imus*, 57 Mich. 456, 473, 24 N.W. 830, 837 (1885) (concluding that if a mark is not registered, right to recovery "depends entirely upon his common-law rights."); *Breaking the Chain Found., Inc.*

*v. Capitol Educ. Support, Inc.*, No. 08-356, 2008 U.S. Dist. LEXIS 101056, (D.D.C. Dec. 15, 2008). Accordingly, Counts II, IV and V will not be dismissed under Rule 12(b)(6).

### 5. Breach of Contract

ForeSee also argues that Plaintiff has failed to state a claim for breach of contract because the Amended Complaint lacks any allegations that ForeSee breached the sublicense agreement while it was in effect. ForeSee further asserts that Plaintiff has failed to allege any harm stemming from ForeSee's purported breach.

Under Michigan law, ACSI must allege the following to state a claim for breach of contract: (1) existence of a contract, (2) the terms of the contract, (3) a breach of the contract, and (4) the breach caused injury. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999). Here, ACSI fails to allege any conduct by Defendant while the Sublicense Agreement was in effect, specifically from April 4, 2012 through August 8, 2013. ForeSee had no continuing obligations under the contract.

In the Amended Complaint, ACSI generally alleges that ForeSee had obligations under the Sublicense Agreement and ForeSee breached them. ECF. No. 15 at ¶¶ 111-12. However, ACSI does not specify the conduct that constitutes

a breach during the term of the contract.  ACSI's allegations appear to allege acts occurring after the Sublicense Agreement was already terminated.

In response to ForeSee's motion, ACSI admits that its breach of contract claim is based solely on paragraphs 9 through 12 of the Amended Complaint.  Said paragraphs only list ForeSee's obligations under the Agreement with ACSI and a conclusory claim that ForeSee has breached these obligations.  To survive Rule 12(b)(6) dismissal, Plaintiff must come forward with sufficient factual details to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  Plaintiff has failed to do so.  As such, dismissal of its breach of contract claim is appropriate.

**B. Plaintiff's Motion to Strike Defendant's Motion to Dismiss or to Disqualify Defendant's Counsel**

Plaintiff moves to strike a variety of documents submitted by the Defendant, including (1)  Defendant's Motion to Dismiss, (2)  a Declaration from Defendant's counsel, Christopher C. Smith, and (3) exhibits attached to his Declaration including the transcript and order from the *Genesys* litigation, and (4) an email between ForeSee's and ACSI's counsel.

As an initial matter, Plaintiff's motion to strike relies on Rule 12(f) of the Federal Rules of Civil Procedure, however Rule 12(f) is limited to striking pleadings, and not motions or supporting briefs.  It is well settled that motions and briefs are not "pleadings" within the meaning of Rule 12(f).  *See Herrerra v.*

*Michigan Dept. of Corrs.*, No. 5:10-CV-11215, 2011 U.S. Dist. LEXIS 98567, *7 (E.D. Mich. Jul. 22, 2011) ("[M]otions, briefs and affidavits do not constitute pleadings subject to Rule 12(f)."); *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. Feb. 24, 2006) ("Exhibits attached to a dispositive motion are not pleadings within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."). Thus, the motion will be denied on this basis.

However, even if ACSI properly relies on Rule 12(f), the Court finds no basis upon which to grant ACSI's requested relief. The email does not appear to be implicated by Rule 408, which prohibits the use of evidence of "conduct or statements made during compromise negotiations regarding the claim" when "offered to prove or disprove the validity . . . of a claim . . . ." Fed. R. Evid. 408(a). The email appears to be an invitation to discuss settlement because it states: "If your client is interested in settlement" and "[l]et me know if they feel that settlement discussions will be worthwhile." ACSI's suggestion that the parties begin settlement negotiations is not implicated by Rule 408. Moreover, the email is not being offered to "disprove the validity" of ACSI's claims.

ACSI's argument that counsel's declaration should be stricken and counsel should be disqualified from representation is contrary to established practice in this Court. It is routine for an attorney to submit a declaration authenticating the

exhibits attached thereto. ACSI relies on Michigan Rule of Professional Conduct 3.7 as its basis for disqualifying counsel. Rule 3.7 states in pertinent part: "A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." M.R.P.C. 3.7. Thus, this rule is inapplicable because ForeSee's counsel will not testify about the authentication of statements made in his Declaration at trial.

Lastly, the transcript and order are not inadmissible hearsay and it was appropriate for this Court to consider them in ruling on Defendant's collateral estoppel argument. *See* 2 McCormick on Evidence § 298 (7th ed.) ("Where the doctrines of res judicata, collateral estoppel, or claim or issue preclusion make the determinations in the first case binding in the second, a judgment in the first case is not only admissible in the second, but it is conclusive against the party as a matter of substantive law . . . ."); *Hooker v. FEC*, 21 F. App'x 402, 405-06 (6th Cir. 2001) ("Federal courts have used preclusion to bar litigants who had been found to lack standing in a prior suit from reasserting the same claim in a subsequent suit if the facts presented by the litigants to support standing had not changed.")

Again, based on the foregoing, the Court will deny Plaintiff's Motion to Strike Defendant's Motion to Dismiss or to Disqualify Counsel.

### C. Plaintiff's Motion to Dismiss Counter-Complaint

On January 17, 2019, ForeSee filed its Answer to the Amended Complaint and its Counterclaim. *See* ECF No. 21. ForeSee asserts one count of negligent/innocent misrepresentation stemming from ACSI's representation and statement in the Sublicense Agreement that ACSI had an exclusive license in the marks. *Id*. at ¶ 11. ForeSee claims that this representation impacted the amount ForeSee was willing to pay for the sublicense. *Id.* at ¶ 15. ForeSee alleges that it would not have agreed to pay an annual license fee of $300,000 if it had been made aware of ACSI's limited rights in the marks. *Id.* at ¶ 17.

ACSI moves to dismiss ForeSee's Counterclaim raising the following arguments: (1) ForeSee's claim is barred by the statute of limitations, (2) the alleged misrepresentation is not actionable because it was in the preamble and was not a representation or warranty of ACSI, (3) ForeSee fails to allege its claim with sufficient specificity, (4) ForeSee has failed to allege ACSI had a duty of care, (5) the Sublicense's integration clause precludes ForeSee from arguing misrepresentation, and (6) ForeSee's allegations are ambiguous.

ACSI first argues that ForeSee's claim is barred by the statute of limitations because the purported misrepresentations were made before or at the time the Sublicense Agreement was entered on April 4, 2012. As such, the limitations period began to run on April 4, 2012, and the applicable limitations period expired

six years later, or on April 4, 2018. *See* MICH. COMP. LAWS § 600.5813 (requiring that actions for innocent and negligent misrepresentation be brought within six years from the date the claim accrues). Because ForeSee did not file its Counterclaim until January 17, 2019, Plaintiff argues its claim is barred by the statute of limitations.

ForeSee counters that Michigan's counterclaim saving statute—MICH. COMP. LAWS § 600.5823—permits ForeSee to bring its claim after the expiration of the applicable statute of limitations so long as the counterclaim could have been brought at the time one or more of ACSI's claims accrued. However, it appears that Michigan's counter claim saving statute provides only for an offset to be applied against a related claim asserted by the plaintiff. *See Wallace v. Patterson*, 289 N.W.2d 924 (1979) (holding that it is "unambiguous" that § 600.5823 limited to providing setoff related plaintiff's claim.) The statute states:

> To the extent of the amount established as plaintiff's claim the periods of limitations prescribed in this chapter do not bar a claim made by way of counterclaim unless the counterclaim was barred at the time the plaintiff's claim accrued.

MICH. COMP. LAWS § 600.5823. ACSI maintains that ForeSee can only assert its untimely counterclaim for set-off purposes with respect to ACSI's breach of contract claim, and not with respect to ACSI's post-contract trademark-related causes of action. Plaintiff argues that *Wasau Underwriters Ins. Co. v. Vulcan Dev. Inc.*, 323 F.3d 396, 401 (6th Cir. 2003) does not stand for the proposition that

ForeSee advances here.  Specifically, *Wasau* did not hold that § 600.5823 permits assertion of any type of counter-claim, rather it allowed only an untimely tort claim related to the plaintiff's breach of contract claim.

Next, ACSI argues that ForeSee's counterclaim lacks particularity.  In order to properly plead its claim, ForeSee's allegations must "(1) specif[y] the statements that the plaintiff contends were fraudulent, (2) identif[y] the speaker, (3) state[] where and when the statements were made, and (4) explain[] why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

In its Counterclaim, ForeSee identified the false representation as ACSI's claim that it was an exclusive licensee of the marks.  ForeSee argues that it has identified ACSI as the speaker, which is sufficient.  *See Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 522-23 (S.D.N.Y. 2015) (finding it sufficient that the plaintiff identified the speaker as "Defendants and/or their agents," given the nature of the allegations and  because defendants did not suggest that the lack of greater specificity hampered their defense in any way.).  However, ForeSee's reliance on an out-of-circuit case is without merit.  The law in this circuit is well settled that the plaintiff must identify the speaker. *See Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014) (failure to "identify the exact speaker, the precise statement made, or the date when and the place where

the statement was uttered" falls "far short of the specificity required by Rule 9(b).").

Additionally, ForeSee alleges that ACSI made the misrepresentations both during preparation of the Agreement and within the Agreement itself, which ForeSee alleges was executed in April 2012. These allegations likewise fall short of the specificity required by Rule 9(b). Based on the foregoing, the Court concludes that ForeSee's claim is not sufficiently pled under Rule 9(b). As such, the Court will provide ForeSee with an opportunity to amend its pleading.

ACSI further asserts that the false representation is not actionable because the statement appears in the Preamble of the Sublicense. ACSI maintains that any statement in a Preamble is a Joint Statement by both parties and must be deemed by the court to be a conclusive fact. However, none of the case relied upon by ACSI address how recitals are to be construed to assess the adequacy of pleadings under Rule 12(b)(6), but focus on how recitals should be construed during summary judgment or trial. *See Marrocco v. Oakland Macomb Interceptor Drain Drainage D*, No. 326575, 2016 Mich. App. LEXIS 1173 (Mich. Ct. App. Jun. 16, 2016); *Digital 2000, Inc. v. Bear Communs., Inc*., 130 F. App'x 12 (6th Cir. 2005); *Thomson Electric Welding Co. v. Peerless Wire Fence Co*., 157 N.W. 67, 69 (Mich. 1916). As such, the Court deems this argument is more appropriate for summary judgment or at trial.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss Amended Complaint [#20] is GRANTED IN PART and DENIED IN PART.  Counts I, III and VI are DISMISSED.  Counts II, IV-V remain.

Plaintiff's Motion to Strike or to Disqualify Counsel [#16] is DENIED.

Plaintiff's Motion to Dismiss Counter-Complaint [#25] is DENIED WITHOUT PREJUDICE.  Defendant shall file an Amended Counter-Complaint no later than August 12, 2019.

Defendant's Motion to Dismiss Complaint [#11] is MOOT.

SO ORDERED.

Dated:                                                           /s/Gershwin A. Drain
                                                                 GERSHWIN A. DRAIN
                                                                 U.S. DISTRICT JUDGE


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 25, 2019, by electronic and/or ordinary mail.

                                                                 s/Teresa McGovern
                                                                 Case Manager

23