UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CUSTOMER SATISFACTION
INDEX, LLC,

        Plaintiff,

                              Case No. 18-cv-13319
v.                                Hon. Gershwin A. Drain

FORESEE RESULTS, INC.,

        Defendant.
_____/

## AMENDED[1] OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTER-COMPLAINT [#40]

### I.    INTRODUCTION

Presently before the Court is the Plaintiff, American Customer Satisfaction Index, LLC's, Motion to Dismiss First Amended Counter-Complaint, filed on September 3, 2019. Defendant ForeSee Results Inc. filed a Response to Plaintiff's present motion on September 24, 2019. Plaintiff filed a Reply on October 8, 2019. A hearing on this matter was held on December 4, 2019. For the reasons that

---

[1] The instant opinion and order has been amended to delete the word recommendation from the concluding paragraph.

follow, the Court will grant Plaintiff's Motion to Dismiss First Amended Counter-Complaint.

## II.     FACTUAL BACKGROUND

The American Customer Satisfaction Index was created in 1994 at the University of Michigan as a measure of customer satisfaction based on responses to survey questions. ECF No. 39, PageID.722, ¶ 7. The University of Michigan used and ultimately obtained federal trademark registration for the designations "ACSI" and "ACSI and Design." *Id*. at ¶¶7-8.

ForeSee Results, Inc. was founded in 2001 as part of an effort to adapt the ACSI methodology to websites and other digital technology. *Id*. at ¶ 9. In April of 2002, the University of Michigan granted ForeSee a license to use the ACSI designations for a ten-year term beginning in April of 2002. *Id*. In 2008, Michigan created ACSI, LLC and purportedly granted ACSI an exclusive license to the ACSI designations. *Id*. at ¶ 11.

In April of 2012, when the ten-year term was about to expire, ACSI communicated to ForeSee that it was the exclusive licensee of the ACSI designations and that if ForeSee intended to continue to use the ACSI designations, ForeSee would need to acquire a license from ACSI. Also, in April of 2002, representatives for ACSI, LLC and ForeSee met, including at least one meeting in

2

Ann Arbor, Michigan, to discuss the terms of a license agreement that would allow ForeSee to continue to use the ACSI designations. *Id*. at ¶ 13. Mr. VanAmberg memorialized the representation that ACSI was the exclusive licensee of the ACSI Designations in an agreement entitled "Limited Trademark Sublicense Agreement between ACSI, LLC and ForeSee. *Id*. at ¶ 15. In reliance on ACSI's representation that it was the exclusive licensee to the ACSI Designations, ForeSee agreed to pay an annual license fee of $300,000.00. *Id*. at ¶ 19.

However, contrary to ACSI's representations, ACSI has only limited rights in the ACSI Designations. *Id*. at ¶ 20. On May 31, 2018, United States District Judge Matthew F. Leitman issued a decision in *Am. Customer Satisfaction Index, LLC v. Genesys Telecomms Labs. Inc.*, No. 4:14-cv-12554, ECF No. 46, wherein he concluded that that the ACSI license was not an exclusive license and that ACSI was not the exclusive licensee to the ACSI Designations. *Id*. at ¶ 21.

On October 24, 2018, ACSI filed the instant action alleging that it was the exclusive licensee of the ACSI Designations and that ForeSee had engaged in federal trademark infringement and federal unfair competition, as well as common law trademark infringement and common law unfair competition. ECF No. 1. On July 25, 2019, this Court entered an Opinion and Order concluding that ACSI is not the exclusive licensee of the ACSI Designations and therefore had no standing to bring its federal trademark infringement claim. *Id*. at ¶ 23. ForeSee alleges that

it has been further harmed from incurring costs of defending claims that ACSI had no standing to assert. *Id.* Also, on July 25, 2019, the Court concluded that ForeSee had not sufficiently pled its misrepresentation claims under Rule 9(b), but permitted ForeSee an opportunity to amend its Counter-Claim, which is now before the Court.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

### B. Statute of Limitations

Plaintiff first argues that ForeSee's claims of innocent and negligent misrepresentation are barred by the statute of limitations because the purported misrepresentations were made before or at the time the Sublicense Agreement was entered on April 4, 2012. As such, the limitations period began to run on April 4,

2012, and expired six years later, or on April 4, 2018. *See* MICH. COMP. LAWS § 600.5813 (requiring that actions for innocent and negligent misrepresentation be brought within six years from the date the claim accrues). Because ForeSee did not file its Counterclaim until January 17, 2019, its claim is barred by the statute of limitations.

ForeSee counters that Michigan's counterclaim savings statute—MICH. COMP. LAWS § 600.5823—permits ForeSee to bring its claims after the expiration of the applicable statute of limitations so long as the counterclaims could have been brought at the time one or more of ACSI's claims accrued. However, Michigan's counter claim savings statute provides only for an offset to be applied against a related claim asserted by the plaintiff. *See Wallace v. Patterson*, 289 N.W.2d 924 (1979) (holding that it is "unambiguous" that § 600.5823 limited to providing setoff counterclaim to related plaintiff's claim.) The statute states:

> To the extent of the amount established as plaintiff's claim the periods of limitations prescribed in this chapter do not bar a claim made by way of counterclaim unless the counterclaim was barred at the time the plaintiff's claim accrued.

MICH. COMP. LAWS § 600.5823. The unambiguous language of the statute frames the right to proceed with an untimely counterclaim in terms of the "plaintiff's claim." Section 600.5823 does not provide a free-for-all right to file any and all untimely counterclaims, but instead provides for recovery of an offset to be applied against a related claim asserted by the plaintiff. *See, e.g. Allegra Network LLC v.*

6

*Alpha Omega Print & Imaging, Inc.*, No. 12-10346, 2012 WL 12930591, at *4 (E.D. Mich. Dec. 19, 2012) (characterizing §600.5823 as a "recoupment statute.").

ForeSee's reliance on *Wausau Underwriters Ins. Co. v. Vulcan Dev., Inc.*, 323 F.3d 396 (6th Cir. 2003) is misplaced. In *Wausau*, the plaintiff insurance carrier brought a breach of contract claim based on the defendant's business' failure to pay insurance premiums. *Id.* at 397. The defendant brought two counterclaims: one was a breach of contract counterclaim related to the same contract and the other was a tortious interference counterclaim relating to a letter advising a state agency of the breach of contract. *Id.* at 399-400. In considering the applicability of § 600.5823, the trial court concluded that because "Vulcan's counterclaim sounds in tort and is entirely independent of Wausau's contract claim . . . . counterclaim savings statute did not apply." *Id.* at 402. On appeal, the Sixth Circuit Court of Appeals noted that "[w]hile § 600.5823 limits the scope of recovery available under any untimely counterclaim, it does not limit the *type* of counterclaim that can be asserted." *Id.* at 403 (emphasis in original).

In context, the Sixth Circuit's use of "type of counterclaim" referred to tort claims versus contract claims, thus the *Wausau* court determined that the trial court erred by distinguishing an untimely contract counterclaim (allowed by the trial court) from an untimely tort counterclaim (not allowed by the trial court). *Id.* The

*Wausau* court held that both types of claims are permissible under § 600.5823 provided the other statutory requirements were met. *Id*.

The statutory language, *Wausau* and *Wallace* demonstrate that the untimely counterclaim must be related to the plaintiff's claim. Under ForeSee's interpretation of § 600.5823, any alleged wrongdoing ever committed by a plaintiff against a defendant, no matter how stale or how unrelated to the plaintiff's claim, could be resurrected if the plaintiff filed an unrelated lawsuit against the defendant. Such an interpretation runs afoul of the primary purpose of statutes of limitation. *See, e.g., Larson v. Johns-Manville Sales Corp*., 399 N.W.2d 1, 5 (Mich. 1986).

Because none of Plaintiff's remaining claims are related to Defendant's counterclaims, the counterclaim savings statute cannot save Defendant's untimely counterclaims.

### C. Reasonable Reliance

ACSI also argues that ForeSee's claims fail because it cannot allege reasonable reliance when it knew of at least one other existing license to use the ACSI marks. "Claims for fraudulent misrepresentation require proof that (1) the defendant made a material misrepresentation, (2) it was false, (3) the defendant knew it was false when made, or made it recklessly, without knowledge of its truth and as a positive assertion, (4) it was made with the intention to induce reliance by the plaintiff, (5) the plaintiff acted in reliance upon it, and (6) the plaintiff thereby

suffered injury." *State-William Partnership v. Gale*, 169 Mich. App. 170, 425 N.W.2d 756, 761 (Mich. Ct. App. 1988). "A misrepresentation claim requires reasonable reliance on a false representation." *Nieves v. Bell Indus.*, 204 Mich. App. 459, 517 N.W.2d 235, (Mich. Ct. App. 1994). As such, there is no fraud "where a person has the means to determine that a representation is not true." *Id.*

Plaintiff argues that at the time the parties entered into the license agreement, ForeSee had actual knowledge of its own prior license. As such, ACSI maintains that ForeSee cannot now claim that it reasonably relied on a purported representation that no other licenses existed when a review of its own license would have demonstrated otherwise.

ForeSee counters that ACSI mistakenly argues that the misrepresentation at issue was that no other licenses existed. ForeSee's First Amended Counterclaim alleges that ACSI was the "exclusive licensee" of the ACSI Designations. ForeSee argues that its limited knowledge of its prior 2002 license with the University of Michigan has no bearing on ACSI's 2012 representation that it was the exclusive licensee of the ACSI Designations. ForeSee argues that its knowledge of a 10-year old, expiring license from the University in no way precludes ForeSee from reasonably relying on ACSI's misrepresentation that is was an exclusive licensee.

Here, ForeSee's claims fail because it knew of at least one other existing license to use the ACSI marks; its own. ForeSee's Sublicense Agreement

unambiguously confirms as much. It states that "[ForeSee's license] will expire by its terms on April 4, 2012," and it entered into the agreement "to allow continued use of the Marks [. . .] effective upon, and subsequent to, expiration" of its license from the University. Thus, the Sublicense Agreement reflects the fact that ForeSee held a concurrent license from the University.

"A party who signs a contract is presumed to have read it." *Dickinson Homes, Inc. v. Barrette*, No. 282385, 2009 WL 1440968, *3 (Mich. Ct. App. May 21, 2009). "Parties are presumed to understand and intend what the language employed [in a contract] clearly states." *Clark v. Al-Amin*, 309 Mich. App. 387, 394-95, 872 N.W.2d 730, 736 (2015).

At the time ForeSee entered into the Sublicense Agreement, ForeSee indisputably had actual knowledge of its own prior license and its license was expressly described in the preamble to the Sublicense Agreement. ForeSee cannot claim it reasonably relied on a purported misrepresentation that no other licenses existed when a review of its own license would have demonstrated otherwise. *See, e.g., Webb v. First of Michigan Corp.*, 195 Mich. App. 470, 475, 491 N.W.2d 851, 854 (1992).

Accordingly, Defendant's counterclaims also fail because Defendant cannot allege reasonable reliance when it knew of at least one other existing license to use the ACSI marks. Because the Court concludes that ForeSee's counterclaims are

barred by the applicable statute of limitaitons, as well as finds that ForeSee can establish reasonable reliance, the Court declines to consider the Plaintiff's remaining arguments in support of dismissal of ForeSee's Counterclaims

## IV. CONCLUSION

Accordingly, for the reasons articulated above, ACSI's Motion to Dismiss First Amended Counter-Complaint [#40] is GRANTED.

SO ORDERED.

Dated: March 12, 2020
/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 12, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager