UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CUSTOMER SATISFACTION
INDEX, LLC,

       Plaintiff,

v.

FORESEE RESULTS, INC.,

       Defendant.

_____/

Case No. 18-cv-13319
Hon. Gershwin A. Drain

CFI GROUP USA LLC,

       Plaintiff,

v.

VERINT AMERICAS INC., d/b/a
ForeSee Results and successor-in-
interest to ForeSee Results, Inc.,

       Defendant.

_____/

Case No. 19-cv-12602
Hon. Gershwin A. Drain

**<u>OPINION AND ORDER GRANTING JOINT MOTION TO
CONSOLIDATE [#53], GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL [#54] AND EXTENDING
SCHEDULING ORDER DATES</u>**

**I.    INTRODUCTION**

Presently before the Court are companion cases *American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, no. 18-13319, and *CFI Group*

*USA, LLC v. Verint Americas Inc.*, no. 19-12602. In each case, the parties have filed a Joint Motion to Consolidate. *See American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, no. 18-13319, ECF No. 53, and *CFI Group USA, LLC v. Verint Americas Inc.*, no. 19-12602, ECF No. 22.

Additionally, in both companion matters the Defendants have moved to compel the Plaintiffs' responses to Defendants' requests to produce documents from a related case. *See American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, no. 18-13319, ECF No. 54 and *CFI Group USA, LLC v. Verint Americas Inc.*, no. 19-12602, ECF No. 25. In both cases, the Plaintiffs have refused to produce any documents from the related case. Defendants seek their attorney fees and costs incurred as a result of having to bring the motions to compel. These discovery motions are fully briefed.

A hearing on the Joint Motions to Consolidate and the Motions to Compel was held on October 22, 2020. Upon review of the parties' motions and the relevant authority, the Court concludes that consolidation of these matters for purposes of discovery is appropriate, along with a short extension to the scheduling order dates in these matters. Additionally, the Court will grant in part and deny in part the Defendants' Motions to Compel Documents from a Related Litigation.

## II.     FACTUAL BACKGROUND

The instant actions involve an economic indicator known as the "American Customer Satisfaction Index" (ACSI), created at the University of Michigan to measure customer satisfaction. The University obtained federal trademark registrations for a plain text mark for "ACSI," U.S. Reg. No. 2122772, and for a graphic mark including the text "ACSI," a curved line and a five-point star, U.S. Reg. No. 2122752.

Dr. Claus Fornell, Professor at the University's School of Business and creator of the ACSI methodology, began using the ACSI methodology commercially as CFI Group USA LLC (CFI Group). In 2002, the University granted ForeSee Results, Inc. (ForeSee), a license to use the ACSI designations. In 2008, Fornell created ACSI, LLC, and the University granted ACSI, LLC a license, with rights to use, sublicense, and police the ACSI designations.

Since 2010, ForeSee and CFI Group have competed for government contracts to measure user experience with government websites. Both ForeSee and CFI Group subsequently entered into licenses with ACSI, LLC to use the ACSI designations. In 2013, ForeSee terminated its license to use the ACSI designations, however CFI Group claims ForeSee has continued to use the ACSI marks in its marketing materials.

On October 24, 2018, ACSI, LLC filed a lawsuit against ForeSee alleging federal trademark infringement, common law trademark infringement, federal unfair competition and common law unfair competition stemming from ForeSee's purported continuing use of the ACSI designations.[1] *See American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, no. 18-13319.  On December 7, 2018, Verint Americas, Inc. (Verint) purchased ForeSee.  On September 5, 2019, CFI Group filed suit against Verint alleging Verint's predecessor, ForeSee, has engaged in federal and common law unfair competition and tortious interference with a business expectancy in relation to its continued use of the ACSI designations.  *See CFI Group USA, LLC v. Verint Americas Inc.*, No. 19-cv-12602.  This latter action was reassigned to the undersigned as a companion case to *American Customer Satisfaction, LLC v. ForeSee Results, Inc.*, No. 18-13319, on August 5, 2020.

Prior to the filing of these companion matters involving the ACSI marks, ACSI, LLC filed suit against Genesys Telecommunications Laboratories, Inc. in August of 2017.  *See American Customer Satisfaction, LLC v. Genesys Telecomms. Labs. Inc.*, no. 17-cv-12554.  The *Genesys* litigation involves the same ACSI marks and asserts federal unfair competition, common law unfair competition, and common law trademark infringement. The University substituted into the *Genesys*

---

[1] The Court dismissed ACSI, LLC's federal trademark infringement claim on July 25, 2019.

litigation in order to bring a federal trademark infringement claim. Genesys brought a third-party claim against CFI Group, alleging CFI Group had approved of Genesys' alleged improper uses of the ACSI marks.

On January 14, 2020, Verint served its First Request for Production upon CFI Group seeking, among other things, documents from the *Genesys* litigation. The original request sought:

> Request No. 56: All documents and things related to American Customer Satisfaction Index, LLC v. Genesys Telecomms. Labs. Inc., No. 17-cv-12554 (E.D. Mich.), including, but not limited to, all documents produced or served by any party, and all pleadings, hearing transcripts, discovery requests and responses, deposition transcripts, and expert reports.

ECF No. 25, PageID.742. CFI objected arguing this request was "harassing and unduly burdensome" because it fails to particularly describe the information sought and how it relates to the parties' claims and defenses, and seeks publicly available information or information subject to a protective order. *Id.*, PageID.755-56. CFI refused to produce any documents responsive to this request. *Id.* at 756.

After several discussions over the matter, ForeSee ultimately narrowed its request in an April 23, 2020 letter to the following:

1. All Interrogatory responses served by CFI Group, including any associated exhibits and any referenced documents necessary to understand said responses;
2. All Request for Admission responses served by CFI Group;
3. All non-confidential portions of Interrogatory responses served by ACSI, LLC and the Regents of the University of Michigan;

5

4. All non-confidential portions of Request for Admission responses served by ACSI, LC and the Regents of the University of Michigan;
5. All deposition transcripts, including associated exhibits, of CFI Group witnesses;
6. All non-confidential portions of deposition transcripts, including all associated exhibits, of ACSI, LLC and the Regents of the University of Michigan witnesses;
7. CFI Group's expert reports produced in the litigation, including all associated exhibits;
8. Non-confidential portions of expert reports produced by ACSI, LLC and the Regents of the University of Michigan in the litigation, including all associated exhibits;
9. Copies of any non-publicly available hearing transcripts, if any; and
10. Copies of any sealed briefing filed by CFI Group, or that will be filed by CFI Group.

*Id.*, PageID.781.

ForeSee similarly sought documents from the *Genesys* litigation in its First Set of Requests to Produce, served on ACSI, LLC on May 6, 2020, which sought the same categories of documents that ForeSee requested in its April 23, 2020 letter:

Request No. 57: Documents and things related to Amercian Customer Satisfaction Index, LLC v. Genesys Telecomms. Labs., Inc., No. 17-cv-12554 (E.D. Mich.), including, but not limited to:

(a) All Interrogatory responses served by ACSI, LLC, including any associated exhibits and any referenced documents necessary to understand said responses;
(b) All Request for Admission responses served by ACSI, LLC;
(c) All non-confidential portions of Interrogatory responses served by CFI Group and the Regents of the University of Michigan;

6

    (d) All non-confidential portions of Request for Admission responses served by CFI Group and the Regents of the University of Michigan;
    (e) All deposition transcripts, including associated exhibits, of ACSI, LLC, witnesses;
    (f) All non-confidential portions of deposition transcripts, including all associated exhibits, of CFI Group and the Regents of the University of Michigan witnesses;
    (g) ACSI's expert reports produced in the litigation, including all associated exhibits;
    (h) Non-confidential portions of expert reports produced by CFI Group and the Regents of the University of Michigan in the litigation, including all associated exhibits;
    (i) Copies of any non-publicly available hearing transcripts, if any; and
    (j) Copies of any sealed briefing filed by ACSI, LLC, or that will be filed by ASCI, LLC.

*Id.*, PageID.812. ACSI, LLC objected to ForeSee's request. However, ACSI indicated that it would "consider a request that is reasonably limited in scope and related to the claims and defenses in this case." *Id*.

### III. LAW & ANALYSIS

#### A. **Joint Motion to Consolidate**

The parties filed a Joint Motion to Consolidate for discovery purposes in each of the companion cases presently before this Court: *American Customer Satisfaction, LLC v. ForeSee Results, Inc.*, No. 18-13319 and *CFI Group USA, LLC v. Verint Americas Inc.*, No. 19-cv-12602. The parties argue these matters should be consolidated for discovery purposes because both matters involve common issues and witnesses. The parties further request an extension to the

discovery cutoff date with discovery due no later than December 18, 2020, the parties participating in facilitation in January of 2021 and an expert discovery cutoff date on May 5, 2021.

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary delay and cost.

Fed. R. Civ. P. 42(a). The Court in its discretion may consolidate pre-trial components of the case as a matter of convenience and economy in the administration of justice, but it does not have to put cases together and make it a single case or change the rights of parties to separate actions. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

Here, both cases raise allegations of unfair competition and misuse of U.S. Reg. No. 2122772, a plain text mark for "ACSI" and U.S. Reg. No. 2122752, a graphic mark including the text "ACSI," a curved line and a five-point star. CFI Group is a sublicensee of ACSI, LLC. Several witnesses are expected to offer testimony that is relevant in both pending matters. As such, consolidation will avoid duplication of efforts and will save time and costs for the parties.

The parties seek additional time to conduct discovery which has been impacted by the Covid-19 pandemic. The parties believe they can complete

discovery by December of this year. Accordingly, the following dates shall govern in this matter:

| | |
|---|---|
| Fact Discovery Cutoff: | December 18, 2020 |
| Facilitation: | On or before January of 2021 |
| Opening Expert Reports Due: | February 19, 2021 |
| Responsive Expert Reports Due: | March 22, 2021 |
| Reply expert report, if any, due: | April 5, 2021 |
| Expert deposition period: | Opens April 6, 2021 |
| Expert Discovery Cutoff: | May 5, 2021 |
| Dispositive Motion Cutoff: | May 27, 2021 |
| Joint Final Pretrial Order due: | August 24, 2021 |
| Joint Final Pretrial Conference: | August 31, 2021 at 2:00 p.m. |
| Motions *in Limine* deadline: | August 2, 2021 |
| Settlement Conference: | August of 2021 |
| Trial: | September 14, 2021 at 9:00 a.m. (*ACSI, LLC v. ForeSee*, No. 18-13319) |
| | September 21, 2021 at 9:00 a.m. (*CFI Group USA LLC v. Verint Americas Inc.*, No. 19-12602) |

B. **Motion to Compel Production of Documents from *Genesys* Litigation**

ForeSee argues these companion cases and the *Genesys* litigation involve the same ACSI designations, the same parties claiming rights in those designations, the same trademark infringement and/or unfair competition issues, such as likelihood of confusion, strength of the marks, use of the marks in commerce, relevant customers, instances of actual confusion and efforts to enforce. The *Genesys* litigation and the companion cases before this Court also share many of the same witnesses, and many of the same factual inquiries to be made of these witnesses. ForeSee argues ACSI, LLC and CFI Group should be ordered to produce the *Genesys* litigation documents in order to ensure consistent positions are taken across all litigations and to avoid the inefficiencies of duplicate discovery.

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Under Fed. R. Civ. P. 34, any party may serve on any other party a request to produce documents which "are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34.

"Discovery of other lawsuits is not a subject that is amenable to a *per se* rule." *Kormos v. Sportsstuff, Inc.*, No. 06-CV-15391, 2007 U.S. Dist. LEXIS

10

64905, (E.D. Mich. Sep. 4, 2007) (quoting *Thornton v. State Farm Mutual Auto Ins. Co.*, No. 1:06-cv-00018, 2006 U.S. Dist. LEXIS 87845, * 5 (N.D. Ohio 2006)).  In order to determine whether documents in one suit "are reasonably calculated to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties." *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977).

ACSI, LLC and CFI Group argue the *Genesys* litigation and the companion cases presently before this Court are not substantially similar, thus ForeSee is not entitled to the requested discovery.  ACSI, LLC and CFI Group maintain the lawsuits do not involve the same parties as argued by ForeSee.

ACSI, LLC also argues that the issues in the *Genesys* litigation concern Genesys' unlawful use of the ACSI marks.  Thus, documents concerning Genesys' use of the ACSI marks will have no bearing on the companion cases pending before this Court.  For example, ACSI LLC's experts in the *Genesys* litigation were hired to opine on consumer perceptions of the use of the ACSI marks by Genesys and Genesys' actual profits. As such, ASCI, LLC and CFI Group argue the Defendants have failed to establish how expert testimony concerning Genesys' use of the marks is relevant to the present litigation.  Finally, ACSI, LLC asserts

that ForeSee has ample opportunity to obtain relevant information through traditional discovery requests.

Here, ACSI, LLC's and CFI Group's suggestion that there must be "substantial similarity" to warrant production of documents from related litigation is without merit. The key to a party's right to discovery hinges, as always, on whether the requested discovery is relevant, proportional to the needs of the case and non-privileged. Fed. R. Civ. P. 26(b). All of the cases involve the same relevant parties who claim rights in the same ACSI marks, specifically ACSI, LLC, CFI Group and the University assert Genesys, ForeSee and Verint have engaged in unfair competition and trademark infringement. As such, some of the requested discovery from the *Genesys* litigation is relevant to some of the issues in the companion matters before the Court.

Specifically, evidence directed to issues surrounding the alleged strength and validity of the ACSI designations, the relationships and licensing agreements among the parties and third-party uses of the ACSI designations from the *Genesys* litigation is also relevant to the issues in these companion matters. Accordingly, the Court finds that the following requests are appropriate under Rule 26(b) of the Federal Rules of Civil Procedure:

> **Request:** Documents and things related to *American Customer Satisfaction Index, LLC v. Genesys Telecomms. Labs., Inc.*, No. 17-cv-12554 (E.D. Mich.), including, but not limited to:

- All Interrogatory responses served by ACSI, LLC and CFI Group relating to (1) the strength and validity of the ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations, including any associated exhibits and any referenced documents necessary to understand said responses;
- All Request for Admission responses served by ACSI, LLC and CFI Group relating to (1) the strength and validity of the ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations;
- All non-confidential portions of Interrogatory responses served by ACSI, LLC, CFI Group and the Regents of the University of Michigan relating to (1) the strength and validity of the ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations;
- All non-confidential portions of Request for Admission responses served by ACSI, LLC, CFI Group and the Regents of the University of Michigan relating to (1) the strength and validity of the ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations;
- Portions of ACSI LLC's and CFI Group's expert reports produced in the litigation, including all associated exhibits, relating to (1) the strength and validity of the ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations ;
- Non-confidential portions of expert reports produced by ACSI, LLC, CFI Group and the Regents of the University of Michigan in the litigation, including all associated exhibits, relating to (1) the strength and validity of the

    ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations;
- Copies of any sealed briefing filed by ACSI, LLC or CFI Group, or that will be filed by ASCI, LLC or CFI Group relating to (1) the strength and validity of the ACSI Designations, (2) the relationships between the relevant parties, (3) the contracts and licensing agreements between the parties and (4) third party uses of the ACSI designations.

  The Court further finds that combing through the deposition and hearing transcripts to extract and produce relevant portions concerning the strength and validity of the ACSI Designations, the relationships between the relevant parties, the contracts and licensing agreements between the parties and third party uses of the ACSI designations would be unduly burdensome and not proportional to the needs of the case. Defendants can notice the depositions of these witnesses and inquire about the *Genesys* litigation discovery responses that the Court has now ordered ACSI, LLC and CFI Group to produce. Therefore, the Court will not order ACSI, LLC and CFI Group to produce any deposition or hearing transcripts from the *Genesys* litigation. Finally, because the Court declines to wholly grant the Defendants' requested relief, an award of attorney fees and costs is not warranted. *See* Fed. R. Civ. P. 37(a)(5).

  **IV. CONCLUSION**

Accordingly, for the reasons articulated above, the parties' Joint Motion to Consolidate [ECF No. 53] is GRANTED.

Defendants' Motions to Compel Production of Certain Documents from a Related Litigation [ECF No. 54] is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

Dated: October 27, 2020          /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 27, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk