In the United States District Court
For the Eastern District of Michigan
Southern Division

| | | |
|---|---|---|
| **CFI Group USA LLC,** § <br> Plaintiff § <br> § <br> v. § <br> § <br> **Verint Americas Inc.,** § <br> Defendant § <br> § <br> § <br> § <br> **American Customer Satisfaction** § <br> **Index LLC,** § <br> Plaintiff § <br> § <br> v. § <br> § <br> **ForeSee Results Inc.,** § <br> Defendant § | | Case Number: 2:19-cv-12602 <br><br> Judge: Gershwin A. Drain <br><br> Magistrate: Anthony P. Patti <br><br><br><br> Case Number: 2:18-cv-13319 <br><br> Judge: Gershwin A. Drain <br><br> Magistrate: Anthony P. Patti |

**Response to ForeSee's Supplemental Briefing**
**Regarding the Pending Motions to Exclude Expert Witnesses**

In response to the Supplemental Briefing filed by defendants Verint Americas Inc. and ForeSee Results Inc. (collectively "ForeSee"), plaintiffs CFI Group USA LLC and American Customer Satisfaction Index LLC ("CFI," "ACSI LLC," and collectively "the Plaintiffs") submit this Response to ForeSee's Supplemental Briefing Regarding the Pending Motions to Exclude Expert Witnesses.

# Table of Contents

I.   Introduction..................................................................................................1

II.  Response to "Brief Overview of Relevant Expert Testimony"............................1

III. Response to "Overview of Damages" ...............................................................3

IV.  Response to "Relevance of the Various Expert Opinions in View of the Summary Judgment Orders"..................................................................................6

    A.   The question of the admissibility of HKA's testimony remains at issue. ..........................................................................................................7

    B.   The question of the admissibility of Mr. Haas' testimony remains at issue. ..........................................................................................................9

    C.   The question of the admissibility of Mr. Ezell's testimony is no longer at issue.................................................................................................10

    D.   The question of the admissibility of Mr. Wallace's testimony is no longer at issue.................................................................................................11

    E.   The question of the admissibility of Dr. Leonard's testimony is no longer at issue.................................................................................................12

    F.   The question of the admissibility of Dr. Steffey's testimony is no longer at issue.................................................................................................14

    G.   The question of the admissibility of Dr. Benkí's testimony is no longer at issue.................................................................................................15

    H.   The question of the admissibility of Dr. Chin's testimony is no longer at issue.................................................................................................16

V.   Conclusion ................................................................................................17

## I. Introduction

Unsurprisingly, ForeSee's Supplemental Briefing[1] amounts to little more than a rehash of its *Daubert* motions and responses: namely, assertions that its experts are smart people with important things to say. ForeSee's approach ignores the realities of the remaining scope of the pending litigation following entry of this Court's partial summary judgments in favor of the Plaintiffs and the subsequent denial of ForeSee's motions to reconsider those partial summary judgments. This Court has unambiguously determined that ForeSee's conduct amounted to willful unfair competition that caused economic injuries to the Plaintiffs, leaving only the quantification of those injuries as unresolved issues before this Court. Accordingly, this Response will only address the substantive inaccuracies raised by ForeSee's Supplemental Briefing.

## II. Response to "Brief Overview of Relevant Expert Testimony"

ForeSee's Overview is substantively a summary of arguments previously presented in its *Daubert*, summary judgment, and motion to reconsider briefs. *See*

---

[1] ForeSee filed substantively identical briefs in Case No. 2:18-cv-13319 (the "ACSI Case") and in Case No. 2:19-cv-132602 (the "CFI Case"). Similarly, the Plaintiffs filed substantively identical briefs in the ACSI Case and the CFI Case. For simplicity, the Plaintiffs will cite only to the supplemental briefs filed in the CFI Case (ECF Nos. 159 and 160).

ECF No. 160 at PageID.32675-79. However, to the extent that a response is necessary, the Plaintiffs note the following:

First, to the extent that ForeSee asserts that the testimony of Mr. Haas and HKA[2] remains relevant to damages, the Plaintiffs agree generally; however, as set forth *infra* and in the Plaintiff's Supplemental Briefing, to the extent that HKA's opinions relating to causation ever had any relevancy, those opinions have now become irrelevant. *See* ECF No. 159 at PageID.32666-67.

Second, regarding the parties' respective trademark experts, the Court has already found a likelihood of confusion, non-generic use, and incontestability <u>as a matter of law</u>, and so the opinions of Mr. Wallace, Mr. Ezell, and Dr. Leonard have become irrelevant.[3]

Third, regarding ForeSee's technical experts, the Court has already found that, <u>as a matter of law</u>, the Plaintiff's technology is different from that of ForeSee's technology, that ForeSee did not use ACSI methodology, and that ForeSee could only win the contracts that it won by falsely claiming the contrary.

---

[2] Mr. Jensen and Mr. Bingham.

[3] Another of ForeSee's trademark experts, Dr. Ran Kivetz, was offered as a rebuttal to Mr. Wallace. The Plaintiffs did not challenge Dr. Kivetz on *Daubert* grounds, however if the Court finds Mr. Wallace's testimony to be moot by virtue of its partial summary judgments, then Dr. Kivetz' testimony will necessarily become moot as well.

Moreover, ForeSee's technical experts were presented in rebuttal to the Plaintiffs' technical expert, Dr. Joe Hair. As the Plaintiffs noted in their Supplemental Briefing, ECF No. 159 at PageID.32660, Dr. Hair's trial testimony is unnecessary, and as such, any rebuttal testimony of challenged experts Dr. Steffey, Dr. Chin, and Dr. Benkí, and unchallenged expert Dr. Ed Rigdon is irrelevant.

### III.   Response to "Overview of Damages"

Next, ForeSee presents background legal material on the issue of the assessment of damages with respect to causation and harm. Again, ForeSee misses the point: because liability and causation have been proven as a matter of law, the only remaining issue is the calculation of damages owed to the Plaintiffs. The Plaintiffs have already pointed to the Court's findings in their Supplemental Briefing. However, because ForeSee seems intent on rehashing causation and harm, it bears repeating, with respect to ACSI LLC's damages, the Court has already found, as a matter of law that:

- ForeSee voluntarily entered into a $300,000/year sublicense agreement with ACSI LLC to continue to use the ACSI marks in 2012 and then one year later voluntarily terminated that license agreement. ACSI Case, ECF No. 167 at PageID.31133. There is no need for this Court to hear expert testimony on a <u>hypothetical</u> royalty rate when

    ForeSee itself agreed to pay ACSI LLC an <u>actual royalty</u> rate of $300,000/year.

- ForeSee "chose to capitalize on the ACSI Trademarks but did not want to pay for a license to do so." *Id*. at PageID.31146. There is no need to reconsider causation, when this Court has already found that ForeSee used the ACSI Marks without paying ACSI LLC for the right to do so.

- ForeSee "***willfully*** used the ACSI marks in a trademark way." ECF No. 174 at PageID.31244 (emphasis added). This Court has wide discretion in determining whether to enhance damages under 15 U.S.C. §1117, and willfulness is a factor that can justify enhanced damages. *E.g., Sun Prod. Grp. Inc. v. B & E Sales Co*., 700 F. Supp. 366, 386 (E.D. Mich. 1988) ("section 35(a) vests the Court with discretion, in cases of willful infringement of trademark rights, to increase a damage award by any amount up to three times the actual damages that are proven at trial"). While other factors could also justify enhanced damages, the Court need not consider factors not raised by ACSI LLC when it already has a permissible basis, in its discretion, to award enhanced damages based on ForeSee's willful misconduct.

As such, the only questions remaining are: (a) the amount of royalties due ACSI LLC, which amounts to a simple mathematical calculation, and (b) whether ForeSee's willful violations justify enhancement under §1117.

With respect to CFI's damages, the Court has already found, as a matter of law, that:

- ForeSee's use of the ACSI Marks after voluntarily giving up the right to do so is "likely to cause confusion with respect to the origin and sponsorship of ForeSee's product." CFI Case, ECF No. 151 at PageID.32543. Given that "only [CFI] can rightfully claim to provide ACSI solutions," *id*. at PageID.32539, every contract awarded to ForeSee was a contract that should have been awarded to CFI. *See, e.g., Merck Eprova AG v. Gnosis S.p.A.,* 760 F.3d 247, 262 (2d Cir. 2014) ("where the parties are direct competitors in a two-player market, and where literal falsity and willful, deliberate deception have been proved, the presumptions of injury and consumer confusion may be used for the purposes of awarding both injunctive relief and monetary damages to a successful plaintiff.").

- ForeSee "willfully used the ACSI marks in a trademark way." ECF No. 158 at PageID.32643. As noted *supra*, willfulness can justify enhancement of damages under §1117.

As CFI seeks disgorgement of ForeSee's ill-gotten profits from three specific contract vehicles (the 2012 BPA, the 2017 BPA, and ForeSee's GSA Schedule), and the Court found that all of these contract vehicles were procured by ForeSee's unfair competition against CFI, the only questions remaining are: (a) the calculation of ForeSee's profits (*i.e.*, its gross sales minus its legitimate costs and deductions), and (b) whether ForeSee's willful violations justify enhancement under §1117.

With respect to reputational damages, as ForeSee accurately notes, the Plaintiffs' respective complaints alleged reputational injury because of ForeSee's misconduct. However, the Plaintiffs' damages expert, Mr. Haas, has not offered any opinion on the quantification of reputational damages.[4] As such, there is nothing for any of ForeSee's experts to rebut with respect to the quantification of reputational damages.

## IV. Response to "Relevance of the Various Expert Opinions in View of the Summary Judgment Orders"

The parties have differing views on the remaining relevance of the challenged experts. For the reasons set forth *infra* and in the Plaintiffs'

---

[4] It should be apparent that without any supporting qualitative or quantitative expert testimony, the Plaintiffs cannot seek reputational damages. However, to the extent necessary, the Plaintiffs stipulate that they are not seeking to recover damages for harm to their reputations or to the reputations of the ACSI Marks.

Supplemental Brief, only the parties' damages experts (Mr. Haas and HKA) have testimony relevant to unresolved issues.

### A. The question of the admissibility of HKA's testimony remains at issue.

ForeSee asserts that HKA's testimony remains relevant for "multiple reasons," however few are still at issue following the Court's entry of partial summary judgment. First, ForeSee appears to argue that a question remains on whether any given contract awarded to ForeSee is subject to disgorgement. ECF No. 160 at PageID.32682-84. However, as noted *supra*, the Court found that ForeSee obtained contracts through three specific contract vehicles by falsely claiming to provide ACSI-related services, that each contract under those contract vehicles was procured through ForeSee's unfair competition, that <u>only CFI</u> could offer the ACSI-related services ForeSee had falsely claimed to offer, and therefore, <u>every contract</u> awarded to ForeSee under those contract vehicles, is subject to disgorgement. The only outstanding question is one for the Court to determine, namely, whether a contract awarded outside of the statute of limitations period but performed in part during that period would be subject to *pro rata* disgorgement. On this purely legal issue, HKA's testimony will not assist the Court in making that determination.

Second, ForeSee asserts that HKA's testimony remains relevant for calculating the costs and deductions against ForeSee's revenue. *Id*. at

PageID.32684-85. The Plaintiffs agree that this testimony remains relevant, however, for the reasons set forth in the Plaintiffs' Motion to Exclude, HKA's testimony is incompetent under FED. R. EVID. 702 and should be excluded in whole or in part. As such, the Plaintiffs ask the Court, after due consideration of the briefs and arguments of the parties, to grant the motions to exclude HKA.

Third, ForeSee asserts that HKA's testimony remains relevant for "weighing the equities and apportionment" and more particularly, "the equitable factors by analyzing the relevant case background and evidence including, *inter alia*, the close relationship of the parties and their history, the relevance and stated requirements of the various government contracts, evidence demonstrating why certain contracts were awarded or not awarded to certain parties, and Mr. Haas' lack of analysis of either the equitable factors or apportionment." *Id*. at PageID.32685-86. However, as noted *supra*, even if HKA had examined specific evidence as it might relate to issues of equity, ultimately this is a question for the trier of fact to answer based on ForeSee's presentation of that evidence. The HKA report does not indicate that either witness had any special knowledge, skill, experience, training, or education that would assist the trier of fact in determining what is equitable in view of any specific evidence.

Fourth, ForeSee asserts that HKA's testimony remains relevant for determining whether an award to both ACSI LLC and CFI would be excessive or

duplicative. *Id*. at PageID.32685-86. However, the Court has already ruled, as a matter of law, that ACSI LLC and CFI suffered distinct injuries. ForeSee's misconduct with respect to ACSI LLC relates to its failure to pay an established annual license fee for the use the ACSI Marks, while ForeSee's misconduct with respect to CFI relates to cheating CFI out of government contracts. Any overlap of ownership between ACSI LLC and CFI does not affect the Court's conclusions regarding the distinct injuries incurred by ACSI LLC and CFI.

Finally, ForeSee's Supplemental Briefing does not address why HKA's testimony has any relevance with respect to the quantification of ACSI LLC's damages. As noted *supra*, the Court has already found, as a matter of law, that ForeSee valued the annual sublicense fee at $300,000, and that ForeSee voluntarily terminated its sublicense. This Court does not need HKA's assistance with what has now been reduced to a simple mathematical operation.

### B. The question of the admissibility of Mr. Haas' testimony remains at issue.

ForeSee asserts that Mr. Haas' testimony remains "potentially" relevant. ECF No. 160 at PageID.32686. Because the quantification of damages incurred by CFI[5] is the only remaining question before the Court, Mr. Haas' testimony is

---

[5] ForeSee has not challenged Mr. Haas with respect to his expert testimony in the ACSI Case.

clearly relevant, and CFI asks the Court, after due consideration of the briefs and arguments of the parties, to deny Verint's motion.

### C. The question of the admissibility of Mr. Ezell's testimony is no longer at issue.

ForeSee asserts that Mr. Ezell's testimony remains relevant because it relates to the calculation of the reasonable rate of the sublicense royalty rate to which ForeSee and ACSI LLC "*would have* agreed." ECF No. 160 at PageID.32687 (emphasis added). However, the Court has already determined, as a matter of law, that ForeSee and ACSI LLC in fact agreed to a royalty rate of $300,000/year but ForeSee subsequently decided to use the ACSI Marks without paying for them. As such, Mr. Ezell's opinion, even if it was competent, is no longer relevant. Moreover, Mr. Ezell never opined that the royalty rate should be based on the recognizability of the ACSI Marks and ForeSee never argued in its response to the motion to exclude Mr. Ezell that he expressed an opinion that royalty rate should be based on the recognizability of the ACSI Marks. ForeSee cannot repurpose Mr. Ezell's testimony for a never-before-seen use.

With respect to Mr. Ezell's opinion as it may relate to apportionment in the context of the disgorgement of profits, ECF No. 160 at PageID.32688, 15 U.S.C. §1117 does not include a provision for apportionment of damages and ForeSee has not cited any case law to support an assertion that damages under §1117 should be apportioned by the recognizability of the mark. Further, 15 U.S.C. §1125 only

requires the likelihood of confusion and not a particular percentage of confusion, and the Court has already concluded, as a matter of law, that the ACSI Marks are well known and that ForeSee's conduct created a likelihood of confusion. Further, the Court has already concluded that ForeSee's illegal conduct included more misrepresentations than the unauthorized use of the ACSI Mark. Further, Mr. Ezell <u>never opined</u> that ForeSee's profits should be apportioned according to the recognizability of the ACSI Marks, and Foresee, in its response to the motion to exclude Mr. Ezell, <u>never argued</u> that Mr. Ezell expressed an opinion that ForeSee's profits should be apportioned according to the recognizability of the ACSI Marks. Again, ForeSee cannot repurpose Mr. Ezell's testimony for a never-before-seen use.

### D. **The question of the admissibility of Mr. Wallace's testimony is no longer at issue.**

ForeSee asserts that Mr. Wallace's opinions on the likelihood of confusion are unnecessary because the Court has found, as a matter of law, that there is a likelihood of confusion due to ForeSee's unfairly competitive conduct. ECF No. 160 at PageID.32689. The Plaintiffs agree. ForeSee further asserts that Mr. Wallace's testimony remains relevant to the extent that (a) he critiques Mr. Ezell's opinion, (b) his testimony touches on reputational damages, and (c) he addresses secondary meaning. *Id*. at PageID.32689-90. However, (a) because Mr. Ezell's opinion has no relevancy to the remaining questions of fact, (b) because, as noted

*supra*, the Plaintiffs are not seeking reputational damages, and (c) because secondary meaning is not a defense to incontestable marks, Mr. Wallace's testimony is no longer relevant.[6]

### E. The question of the admissibility of Dr. Leonard's testimony is no longer at issue.

ForeSee asserts that Dr. Leonard's testimony remains relevant because he "opined that 'ACSI' was adopted as the descriptive or generic name of a customer satisfaction methodology and index (*e.g.,* 'ACSI methodology'), and continues to be used with that meaning." ECF No. 160 at PageID.32690. This Court has already determined, as a matter of law, that the ACSI mark is non-generic and incontestable. Nonetheless, ForeSee asserts that the Dr. Leonard's opinion on the strength of the ACSI Marks is relevant to what ForeSee "would have ***theoretically agreed*** to pay as a licensee fee for use of the 'ACSI' designations." *Id*. at PageID.32691 (emphasis added). But as noted *supra* in §IV.C, the Court has already determined, as a matter of law, that ForeSee and ACSI LLC <u>in fact agreed</u> to a royalty rate of $300,000/year, and so Dr. Leonard's opinion, even if it was competent, is no longer relevant. Moreover, Dr. Leonard <u>never opined</u> that the royalty rate should be based on the strength of the ACSI Marks, Dr. Leonard did

---

[6] Obviously, if the Court does not exclude Mr. Ezell's testimony in its entirety, Mr. Wallace's rebuttal opinions remain relevant.

not conduct a <u>quantitative</u> analysis of how the public <u>primarily</u> understands the meaning of the Marks but, instead, opined about how they are <u>sometimes</u> used[7], and ForeSee <u>never argued</u> in its response to the motion to exclude Dr. Leonard that Dr. Leonard opined that the royalty rate should be based on the strength of the ACSI Marks. Having lost on the issues of generic and descriptive use, ForeSee cannot repurpose Dr. Leonard's testimony for a never-before-seen use.

ForeSee further asserts that "to the extent that the Court has not addressed a given use of 'ACSI,' Dr. Leonard's opinions remain relevant in that CFI is not entitled to ForeSee's profits where 'ACSI' was used to refer to the public methodology or index." *Id*. at PageID.32692. However, this argument stands trademark law on its head: the question is not whether every utterance of the phrase "ACSI" was a violation of the Lanham Act, rather, the question is whether ForeSee used the ACSI Marks and numerous other false statements to create a likelihood of confusion at government agencies regarding the ForeSee services. The Court has already twice answered that question as a matter of law, *e.g*., ECF No. 158 at PageID.32644 ("Defendant continues to ignore that its liability is not predicated on its use of the ACSI marks alone, but also on its numerous other false statements."), and therefore, Dr. Leonard's testimony is irrelevant.

---

[7] This alone renders Dr. Leonard's opinion irrelevant.

### F. The question of the admissibility of Dr. Steffey's testimony is no longer at issue.

ForeSee asserts that Dr. Steffey's testimony remains relevant because it addresses "Plaintiffs' broad, unquantified reputational damage assertion." ECF No. 160 at PageID.32692. As noted *supra*, the Plaintiffs do not intend to seek reputational damages, and as such, reputational damages are no longer a fact in issue about which Dr. Steffey's testimony might have assisted the trier of fact. Further, Dr. Steffey <u>never opined</u> about reputational damages and Foresee, in its response to the motion to exclude Dr. Steffey <u>never argued</u> that Dr. Steffey's testimony went towards reputational damages. As such, ForeSee cannot repurpose Dr. Steffey's testimony for a never-before-seen use. Further, ForeSee offered Dr. Steffey's testimony as rebuttal to Dr. Hair, and as noted *supra*, Dr. Hair's trial testimony is unnecessary, and as such, any rebuttal testimony of Dr. Steffey is now irrelevant.

Further, ForeSee asserts that "a jury could hear Dr. Steffey's testimony and determine that ForeSee wasn't trying to trick customers into buying an inferior product." *Id*. at PageID.32694. However, "this Court's summary judgment decision recognized Defendant's numerous statements were ***intended to dupe government agencies*** into thinking that its services conformed to the ACSI methodology and were approved by Plaintiff in order to capitalize on Plaintiff's goodwill." ECF No. 158 at PageID.32641-41 (emphasis added). Perhaps ForeSee

can raise its no-harm-no-foul defense in an action brought by a swindled party (the United States government or a private sector customer), but as between ForeSee and the Plaintiffs, as the Court accurately summarized:

> The unrebutted evidence establishes that after changing its methodology and canceling its license, Defendant "continued to use the ACSI Trademarks in order to secure contracts," "chose to capitalize on the ACSI Trademarks but did not want to pay for a license to do so," and "knew it could only secure these contracts if it claimed affiliation with ACSI."

*Id*. at PageID.32642 (citations omitted). Dr. Steffey's testimony cannot change the Court's unambiguous conclusions.

### G. The question of the admissibility of Dr. Benkí's testimony is no longer at issue.

ForeSee asserts that Dr. Benkí's testimony "demonstrates that the consuming public would not notice (and has not noticed) a difference in CSI estimates produced using either GSCA or PLSPM as they are statistically identical." ECF No. 160 at PageID.32694. But as was the case with Dr. Steffey, there is no unresolved issue of fact as to reputational damages and the no-harm-no-foul defense is misplaced as to the Plaintiffs' injuries (as opposed to any injuries incurred by ForeSee's hoodwinked customers). Further, since ForeSee offered Dr. Benkí's testimony in rebuttal to Dr. Hair, whose testimony is no longer necessary, there is nothing left for Dr. Benkí to rebut. Further, Dr. Benkí <u>never opined</u> on harm, reputation, or apportionment and ForeSee <u>never argued</u>, in its response to the motion to exclude Dr. Benkí, that he had an opinion on harm, reputation, or

apportionment. ForeSee cannot repurpose Dr. Benkí's testimony for a never-before-see use. As such, Dr. Benkí's testimony is no longer at issue.

### H. **The question of the admissibility of Dr. Chin's testimony is no longer at issue.**

ForeSee asserts that "Dr. Chin's supplemental report provides an in-depth analysis of the comparative study performed by Dr. Hair, filling in information that Dr. Hair omitted from his report and demonstrating that Dr. Hair's conclusions are contradicted by the results of his own experiment." ECF No. 160 at PageID.32695. But as noted *supra*, because Dr. Hair's testimony is no longer necessary, Dr. Chin's supplemental report is now irrelevant. ForeSee further asserts that "The opinions in Dr. Chin's supplemental report are relevant to the issues of reputational damages, apportionment, and equitable considerations." *Id*. at PageID.32696. But Dr. Chin has <u>never opined</u> on reputation, apportionment or equitable considerations, and ForeSee has <u>never argued</u>, in its response to the motion to exclude Dr. Chin, that he had an opinion on reputation, apportionment or equitable considerations. ForeSee cannot now repurpose Dr. Chin's testimony for a never-before-seen use. ForeSee further asserts that Dr. Chin's opinions are "relevant to whether any of ForeSee's sales were or were not due to a customer's mistaken belief that ForeSee used PLSPM instead of GSCA." But Dr. Chin has <u>never opined</u> on the motivation of any of ForeSee's customers, and ForeSee has <u>never argued</u>, in its response to the motion to exclude Dr. Chin, that Dr. Chin had an opinion on the

motivation of any of ForeSee's customers. Again, ForeSee cannot now repurpose Dr. Chin's testimony for a never-before-seen use. As such, Dr. Chin's testimony is no longer at issue.

## V. Conclusion

For the foregoing reasons and for the reasons set forth in the Plaintiffs' Supplemental Briefing, only the expert opinions of Mr. Haas and HKA that quantify the Plaintiffs' economic injuries due because of ForeSee's unfairly competitive practices remain at issue, and that all other expert opinions are now moot.[8]

---

[8] For the pending motions to exclude the now-irrelevant experts, the Plaintiffs have no opinion as to whether the Court should expressly deny the motions as moot, expressly grant the motions as moot, or simply declare that those experts' testimonies are no longer relevant.

Respectfully submitted,

/s/ Karl J. Edward Fornell
Karl J. Edward Fornell (MI P76327)
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
KFornell@ClarkHill.com

William D. Cramer (TX 00790527)
Clark Hill PLC
901 Main Street, Suite 6000
Dallas, Texas 75203
(214) 651-4300
BCramer@ClarkHill.com

Attorneys for Plaintiffs CFI Group USA LLC and American Customer Satisfaction Index LLC