UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CUSTOMER
SATISFACTION INDEX, LLC,

                Plaintiffs,

v.

FORESEE RESULTS , INC.,

        Defendant.

Case No.: 18-cv-13319
Hon. Gershwin A. Drain

CFI GROUP USA LLC,

                Plaintiff,

v.

VERINT AMERICAS INC.,

        Defendant.

_____/

Case No.: 19-cv-12602
Hon. Gershwin A. Drain

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE TESTIMONY OF EXPERTS GREG BINGHAM AND PATRICK JENSEN [#84] AND FINDING MOTIONS TO EXCLUDE [#82, #83, #86, #87, #88 AND #91] MOOT

## I.   INTRODUCTION

On February 14, 2022, the Court entered an Opinion and Order Granting the

Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's

Motion for Summary Judgment in both the ACSI and CFI cases.  Now pending

before the Court in the *ACSI* case are the following motions filed by ACSI LLC: Motion to Exclude Testimony of Matthew G. Ezell, Motion to Exclude Testimony of Expert Dr. José R. Benkí, Motion to Exclude Testimony of Experts Greg S. Bingham and Patrick M. Jensen, Motion to Exclude Testimony of Dr. Duane L. Steffey, Motion to Limit Testimony of Dr. Wynne W. Chin, and Motion to Exclude the Testimony of Dr. Robert Leonard.  Also, before the Court is Defendant ForeSee's Motion to Exclude the Expert Reports and Testimony of Robert G. Wallace Jr.

Currently pending in the CFI case are CFI's Motion to Exclude the Testimony of Dr. Benki, Motion to Limit Testimony of Dr. Wynne W. Chin, Motion to Exclude Testimony of Matthew G. Ezell, Motion to Exclude Testimony of Dr. Duane L. Steffey, Motion to Exclude Testimony of Experts Greg S. Bingham and Patrick M. Jensen, and Motion to Exclude Testimony of Expert Dr. Robert Leonard.  Also, before the Court is Verint's Motion to Exclude the Expert Reports of David A. Haas and Motion to Exclude Testimony of Robert Wallace. Here, entry of the Court's partial summary judgment decision in favor of the Plaintiffs rendered most of the parties' Daubert motions moot, save for those motions relating to the testimony of the ACSI/CFI's damages expert, David A. Haas, and ForSee/Verint's damages experts, Greg S. Bingham and Patrick M. Jensen.  Thus, in the *ACSI* case the Court need only resolve ACSI's Motion to

Exclude Testimony of Experts Greg Bingham and Patrick Jensen [#84].  In the *CFI* case, the Court need only resolve CFI's Motion to Exclude Testimony of Experts Greg Bingham and Patrick Jensen [#62] and Verint's Motion to Exclude the Expert Reports of David Haas [#64].

## II.    FACTUAL BACKGROUND

### A. The ACSI Case

ACSI LLC has asserted Lanham Act and Michigan common law causes of action against ForeSee for unfair competition. The partial summary judgment order in the ACSI Case established ForeSee's liability for unfair competition as a matter of law.

> "Here, the record is replete with evidence that ForeSee did not have ACSI's consent to use the ACSI Trademarks in connection with the sale of its customer satisfaction survey services. Following ForeSee's termination of the license, ForeSee lacked authority to use the ACSI Trademarks to promote its customer satisfaction measurement services." ACSI Case, ECF No. 167 at PageID.31139.

> "In countless emails, ForeSee represented that its services used "the American Customer Satisfaction Index" and that the "ACSI has been regarded in the Federal arena as the "Gold standard" in measuring goods and services since 1999." *Id*. at PageID.31140.

> "Moreover, as to likelihood of confusion, the record is replete with examples of ForeSee's continued use of the ACSI marks after terminating its license. 'It is axiomatic that use of a license mark by an ex-licensee after termination of the license creates a likelihood of confusion, infringing and unfairly competing with the rights of the trademark owner.'" *Id.* at PageID.31141.
> The "likelihood of confusion is established as a matter of law on ACSI LLC's §1125(a) claim." *Id*. at PageID.31139.

As such, the only remaining question of fact on ACSI LLC's unfair competition causes of action (Counts II and V) is the quantification of actual damages.

## B. The CFI Case

CFI has asserted Lanham Act and Michigan common law causes of action against Verint for unfair competition and a Michigan common law cause of action for tortious interference with a business expectancy. The partial summary judgment order in the CFI case established Verint's liability for unfair competition as a matter of law.

> "Verint lacks authority to use the ACSI Trademarks because ForeSee terminated the license agreement in December of 2013. … Yet, Defendant has represented to numerous government agencies that it uses and owns the ACSI methodology." CFI Case, ECF No. 158 at PageID.32537.
> "[Verint] claims that it never changed its algorithm from the ACSI methodology, even though the record shows ForeSee began using a different methodology that it attempted to patent as early as 2011. ForeSee falsely represented after the license's termination that it had been using a 'multi-patented methodology … for decades.' *Id.*
> "ForeSee's statements were deceptive and caused a likelihood of confusion. There is no material factual dispute that ForeSee falsely claimed to use and own the ACSI methodology years after its license to do so had been terminated." *Id.*

> "Moreover, "proof of continued, unauthorized use of an original trademark by one whose license to use the trademark had been terminated is sufficient to establish 'likelihood of confusion.'" PageID.32538

## C. Damages Experts

On February 19, 2021, ACSI served the expert report of David Haas on the

subject of damages incurred by ACSI because of ForeSee's unfair competition.  On

the same day, CFI served the expert report of Mr. Haas on the subject of damages

incurred by CFI because of Verint's unfair competition.  In rebuttal, ForeSee and

Verint served the expert reports by Greg S. Bingham and Patrick M. Jensen on

March 22, 2021.

## III.    LAW & ANALYSIS

### A.  Standard of Review

Federal Rule of Evidence 702 governs the admissibility of expert testimony.

A party offering an expert's opinion bears the burden of establishing the

admissibility of such opinion by a preponderance of the evidence.  *Nelson v.*

*Tennessee Gas Pipeline Co.,* 243 F.3d 344, 251 (6th Cir. 2001).  Expert testimony

is admissible only if it satisfies the requirements of Rule 702 of the Federal Rules

of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if:
>
> (a)   the expert's scientific, technical, or other specialized
>        knowledge will help the trier of fact to understand the
>        evidence or to determine a fact in issue;
> (b)   the testimony is based on sufficient facts or data;
> (c)   the testimony is the product of reliable principles
>        and methods, and;
> (d)   the expert has reliably applied the principles and methods

to the facts of the case.

Fed. R. Evid. 702. The district court must determine whether the expert's

testimony meets three requirements: (1) the expert witness must be qualified by

"knowledge, skill, experience, training or education," (2) the proffered testimony is

relevant and "will assist the trier of fact to understand the evidence or to determine

a fact in issue," and (3) the testimony is reliable in that it is based on scientific,

technical or other specialized knowledge.  Fed. R. Evid. 702; *In re Scrap Metal*

*Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).

### B.  Motions to Exclude Testimony of Expert Dr. Jose R. Benki, Dr. Wynne Chin and Dr. Duane L. Steffey are Moot

ACSI/CFI retained an expert, Dr. Joseph Hair, to opine on the differences

between the structural equation modeling technique underlying the ACSI

methodology–a partial least squares, or PLS algorithm–and ForeSee's post-2011

generalized structured component analysis, or the GSCA algorithm.  In response,

ForeSee/Verint served rebuttal reports from Dr. Ed Rigdon, Dr. Jose R. Benki, Dr.

Duane Steffey, and Dr. Wynne Chin.  ACSI/CFI have moved to exclude the entire

testimony of Dr. Benki and Dr. Steffey and the untimely-disclosed opinions of Dr.

Chin.  However, the Court's summary judgment decision now renders all expert

testimony on the differences between the two methodologies irrelevant.

Specifically, the Court concluded that "the undisputed evidence establishes that

Defendant does not use the ACSI methodology as a matter of law" because

6

"[s]ometime in 2011, ForeSee developed a unique PLS algorithm that uses a Generalized Structural Component Analysis" that it uses "in connection with its services and no longer has a license to use the ACSI Trademarks." *See ACSI* case, Dkt. No. 151. Because the expert opinion of Dr. Hair is no longer relevant at this stage of the proceedings, ForeSee/Verint's rebuttal witnesses are also no longer relevant. The Court will therefore exclude the testimony of these witnesses as moot.

### C. Motion to Exclude the Testimony of Matthew Ezell and Motion to Exclude Testimony of Robert G. Wallace

ForeSee and Verint have offered the expert testimony of Mr. Ezell to opine on the results of his survey designed "to measure the degree, if any, to which individuals involved in obtaining data about their company's customer satisfaction in the prior two years recognize ACSI." E.g., CFI Case, ECF No. 60-1 PageID.1953. The relevance of his testimony will be the strength of the term "ACSI," reasonable royalty rate, and whether "ACSI" has any secondary meaning. With respect to the strength of the ACSI Mark, this is one of the so-called Frisch factors used to analyze a likelihood of confusion. The Court has already addressed this in its partial summary judgment opinion:

> ForeSee cites to *Distribution Servs. Inc. v. United Parcel Serv. Inc.*, 856 F.3d 416, 429 (6th Cir. 2017), arguing reliance solely on incontestable status of a mark is insufficient to demonstrate a mark's strength. However, the *Distribution Servs.* court held an incontestable mark's "presumption of strength" can be rebutted with "evidence of extensive third-party use of

similar marks." *Id*. The record is devoid of any such evidence. ForeSee presents a survey that excludes government employees and reveals a quarter of respondents knew the ACSI brand. This factor favors a likelihood of confusion.

CFI Case, ECF No. 151 PageID.32540.

Thus, the Court has already considered the strength of the mark *Frisch* factor and has even considered Mr. Ezell's survey but has concluded that the summary judgment evidence "favors a likelihood of confusion." *Id.*

With respect to the reasonable royalty rate, the Court has already established that ForeSee had agreed in 2012 to pay $300,000 per year for the use of the ACSI Marks, that ForeSee voluntarily terminated the agreement in 2013, and that ForeSee continued to use the ACSI Marks without authorization for years thereafter. E.g., ACSI Case, ECF No. 167 PageID.31133. Had ForeSee not terminated its sublicense from ACSI LLC, ACSI LLC would have continued to receive that $300,000 per year from ForeSee. *Id*. at PageID.31146. ("Here, the evidence shows Defendant chose to capitalize on the ACSI Trademarks but did not want to pay for a license to do so.")  As such, there is no need for the Court to consider any speculative evidence of royalty rates in the context of the strength of the marks, when the issue has already been addressed by this Court as a matter of law and it has indisputable evidence of the parties' own agreed valuation.

With respect to the question of whether the ACSI Marks have any secondary meaning, as the Court has noted, the validity of the ACSI Marks are incontestable as to any "merely descriptive" allegation. E.g., ACSI Case ECF No. 167 PageID.19.  Because Mr. Ezell's testimony is now moot, to the extent that Mr. Wallace has opined in rebuttal, Mr. Wallace's rebuttal opinion is also now moot, and the Court need not consider the merits of either motion to exclude and will also exclude the testimonies of Mr. Ezell and Mr. Wallace.

### D. Motion to Exclude the Testimony of Dr. Robert A. Leonard

ForeSee/Verint hired Dr. Leonard to "perform linguistic analysis to investigate the meaning and usage in American English of the phrase American Customer Satisfaction Index and the initialism "(ACSI)". The object of the investigation is to establish the function and meaning of these words at the time the Regents of the University of Michigan first adopted and used ACSI in 1994, and subsequently." CFI Case, ECF No. 65-2 PageID.2873.  However, in its summary judgment decision the Court conclusively determined that as a matter of law, the ACSI marks are not generic, *see, e.g.*, ECF No. 151 PageID.32539-40 (after noting presumption of non-generic, Court finds record to be "devoid" of contrary evidence) and incontestable as merely descriptive, *see, e.g.*, PageID.32547 ("ACSI marks are incontestable under 15 U.S.C. §1115(b).").

As such, Dr. Leonard's testimony is now moot and the Court will exclude his testimony as irrelevant.

### E.  Motion to Exclude Testimony of Experts Greg Bingham and Patrick Jensen

In both the ACSI and CFI cases, the Plaintiff argues Defendant's experts should be precluded from testifying about seven topics.  Plaintiff does not challenge the expertise of Messers. Bingham or Jensen or argue their testimony is irrelevant.  Rather, Plaintiff argues the HKA reports should be excluded because they are unreliable.  Because some of the arguments raised by Plaintiff go to the weight, and not the admissibility of the HKA reports, some of the topics Plaintiffs seek to exclude are not properly excluded under the Federal Rules of Evidence. The Court will address each challenged topic in turn.

### 1.  HKA's Opinion on "Case Background"

In the ACSI HKA report, section I.A.1 and the CFI HKA report, section I.A.1., HKA recites facts regarding the history of ForeSee, ACSI and CFI.  Much of this section comes from the declarations of Larry Freed and Russ Merz (former ForeSee employees) and the deposition testimony of Sheri Petras and various written documents.  ACSI/CFI complain that neither Bingham or Jensen did anything to corroborate any of the facts set forth in this section.  Moreover, as to the documents HKA references, ACSI/CFI argue that ForeSee/Verint is welcome to introduce this evidence.  However, HKA should not be permitted to parrot the

contents of these documents. Accordingly, ACSI/CFI ask that HKA be excluded from testifying on any topics set forth in sections I.A.1 of the HKA's reports.

ForeSee/Verint respond that Plaintiff fails to identify any specific statements made in the HKA reports that are unreliable. Moreover, ForeSee/Verint maintains the HKA Reports are properly supported by corroborating documents, testimony, or other evidence. Finally, ForeSee/Verint argues experts are permitted to rely on materials that may be otherwise inadmissible.

Contrary to ForeSee/Verint's argument, ACSI/CFI identifies the out-of-court statements as "the declarations of Larry Freed and Russ Merz (former employees of ForeSee), as well as deposition testimony of CFI's Sheri Petras and various written documents." While , ForeSee/Verint asserts the case background sections are "properly supported by corroborating documents, testimony, or other evidence," ForeSee/Verint has not cited any corroborating documents specific to any of the cited out-of-court statements, and HKA never spoke with the sources of these out-of-court statements but instead simply repeated them as gospel. This is particularly troublesome since the Freed and Merz declarations were prepared specifically in the course of this litigation. *See United States v. Tipton*, 269 F. App'x 551, 560 (6th Cir. 2008) (excluding uncorroborated testimony based on defendants' self-serving hearsay).

For all of these reasons, section I.A.1 of both HKA reports is inadmissible and this aspect of Plaintiff's motion will be granted.

### 2. HKA's Opinion on "Government Contracting Background"

Plaintiff complains that section III of the ACSI HKA report must be excluded because it violates the rules regarding the scope of rebuttal reports. ACSI/CFI maintain that this section purportedly provides "context on Government procurement regulations, processes, and practices." Moreover, ASCI/CFI argue that while Haas provided expert opinion on the subject of government contracting, the HKA report makes no attempt to challenge any of the conclusions in the Haas Report. Finally, ACSI/CFI complain that section IV of the CFI HKA report improperly applies HKA's view of the governing legal standard which is not an appropriate topic for expert testimony.

Here, HKA did not rebut any misstatement by Mr. Haas, but instead launched into a mini treatise on the law of government contracting. This was outside of the scope of Mr. Haas' reports, which did not "open the door" to allow HKA to opine about any feature of government contracting for which HKA chose to opine. Further, ForeSee / Verint claim that "Plaintiffs fail to identify a single statement or opinion that they contend expresses a legal conclusion." PageID.14565. However, as noted in *U.S. v. Melcher*, 672 F.App'x 547, 552 (6th Cir. 2016), "[a]n expert offers a legal conclusion when he defines the governing

legal standard or applies the standard to the facts of the case." *See also Keyes v. Ocwen Loan Servicing LLC*, 335 F. Supp. 3d 951, 959 (E.D. Mich. 2018) (exclusion proper where expert defined legal standard, explained meaning of legal standard, and applied legal standard to facts of case). And it is ultimately the job of the Court and not HKA to instruct the jury on the law.

For all of these reasons, section III of the ACSI HKA report and section IV of the CFI HKA report will also be excluded.

### 3. HKA's Opinion Regarding Causation

Next, ACSI/CFI complain that HKA should be excluded from testifying on any matter disclosed within HKA CFI Report, sections VI or VII and any matter disclosed in ACSI HKA Report, sections IV or VI. Here, Mr. Haas' ACSI LLC report states that he was asked to assume that "ForeSee's use of the ACSI Trademarks is a violation of 15 U.S.C. § 1125(a) during the Damages Period." Haas ACSI Report ¶ 30. Similarly, his CFI LLC report states that he was not asked to "opine about whether ForeSee's conduct amounts to unfair competition or about any of the technical aspects of the methodologies employed by American Customer Satisfaction Index LLC ("ACSI LLC"), CFI, or ForeSee." Haas CFI Report ¶ 11. Therefore, because Mr. Haas did not opine substantively about the alleged wrong-doings of ForeSee, HKA's opinions on Mr. Haas' purported failure

to establish a "causal link" or "economic causation" are outside of the scope of a proper rebuttal opinion.

Further, by opining upon Mr. Haas' purported failures to establish a link between ForeSee's alleged wrongdoings and the damages incurred by CFI LLC and ACSI LLC, HKA again opines on the governing legal standard and attempts to apply the standard to the facts of the case.

The Court agrees with Plaintiff that HKA's opinion on causation is outside the scope of Mr. Haas' report.  The Court has already found ForeSee/Verint is liable for unfair competition, as such HKA's report on the issue of causation is irrelevant at this stage of the proceedings.

Additionally, HKA misstates the law regarding Mr. Haas' obligation to establish a causal link. Mr. Bingham testified:

> Q. Okay. But, again, Mr. Haas did not offer an opinion as to government requirements or specifically branded product, right?
>
> A. He offered an opinion regarding damages. And you can't, in my opinion, get at damages, assess damages, without also assessing the cause-and-effect link between liability and damages. And so I don't feel like – I could not – I needed to address causation. And I did.

Dep. Bingham 206:6-16 (objections omitted). This testimony is strikingly similar to an approach rejected in *Rowe v. DPI Specialty Foods, Inc*., No. 2:13–cv–00708, 2015 WL 4949097, at *5 (D. Utah 2015), aff'd in part, 727 F. App'x 488 (10th Cir. 2018), where the court explained the expert's approach:

> Continuing in Section II, Mr. Rasmussen claims a broader scope to his role: he states that "[w]hen evaluating a damage claim, one must ensure that each claimed economic impact can be traced back to the incident. This is where the concept of causation or causal link is integrated into the analysis of economic damages."

Id. at *4. After explaining that the expert's purported justification for this approach was not supported by the sources cited by the expert, the *Rowe* court continued:

> Mr. Rasmussen's misreading of the texts he cites is very troubling. But significantly more troubling are his assumptions about his role in the courtroom. An expert witness has no duty to prove causal links between incident and damages. An expert opines on facts which the expert assumes will be proven, and an expert can explain the bases for an opinion. But an expert is not to opine on the weight of the facts or take a principal role in sifting, weighing and reciting them for the jury.

Id. at *5 (emphasis added).

Accordingly, for all of these reasons, the Court will exclude sections VI and VII of the CFI HKA Report and exclude sections IV and VI of the ACSI HKA Report from trial.

### 4. HKA's Opinion Quantifying the Value of the License

ASCI/CFI also asserts that under the guise of rebutting Mr. Haas' opinion on the annual royalty rate for licensing the Marks, HKA merely quotes statements purportedly made by Dave Lewan, Larry Freed, and Sheri Petras. Because HKA adds no value that will assist the trier of fact to understand the evidence or to

determine a fact in issue, HKA should be excluded from testifying on any matter disclosed within ACSI HKA Report § V.

The HKA Report in the ACSI case provides their expert opinions and the facts and analysis for (1) why the royalty payment recommended by the Haas Report is in error (HKA ACSI Report, Ex. D, §IV); (2) why the value of a license would be much less than what ForeSee paid prior to voluntarily terminating its license (id., §V); and (3) why the facts of the case do not support Plaintiffs' claims for monetary relief (id., §VI).  HKA's opinions are not to be excluded simply because they rely on sworn statements provided in declarations, discovery depositions, and numerous other documents that support the opinions to be expressed at trial.

ACSI/CFI's criticism of the factual support for the opinions in the HKA Reports go to the weight of HKA's opinions, not admissibility.  *See, e.g., Innovation Venture*, 2021 WL 598545, at *11; *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529 (rejecting challenge to facts relied on by expert holding "it fundamentally confuses the credibility and accuracy of [the expert's] opinion with its reliability").

For these reasons, this aspect of ACSI/CFI's Motion will be denied.

**5.  HKA's Opinion Regarding Double Recovery**

ACSI/CFI further argues that HKA should be excluded from testifying on any matter disclosed within ACSI HKA Report § VII because HKA has improperly conflated the damages incurred by ACSI and the damages incurred by CFI.  ACSI/CFI argue that the ACSI case is a separate legal proceeding from the CFI lawsuit and ACSI seeks recovery for ForeSee's failure to pay for a trademark license whereas CFI seeks disgorgement damages related to ForeSee's profits earned by virtue of its unfair competition.  ACSI/CFI argues that compensating ACSI for lost royalties does not absolve ForSee/Verint of its alleged bad acts underlying CFI's unfair competition cause of action. Similarly, compensating CFI will not make ACSI whole.  As such, ACSI/CFI request that ACSI HKA Report, section VII, be excluded from trial.

ForeSee disputes that Dr. Fornell's companies, ACSI LLC and CFI, should be treated as separate entities, particularly regarding damages.  Plaintiff argues that because ACSI LLC and CFI have asserted separate litigations (though based on the same facts over the same time period), each seeking damages for the same alleged conduct by ForeSee, that awarding each Plaintiff damages would not be a double recovery.  In contrast, the ACSI HKA Report opines that allowing ACSI LLC and CFI to both be awarded damages based on the same alleged conduct would constitute an inappropriate double recovery.  ACSI HKA Report, Ex. D, §VII. While Plaintiffs argue that this opinion "improperly opines on legal issues," it

offers no support for this argument.  Likewise, Plaintiffs fail to challenge the facts

or basis for this opinion, instead simply challenging the opinion itself.  Plaintiffs

may disagree with the method and evidence HKA utilized in this analysis, but their

argument again challenges the weight of the opinion, rather than its admissibility.

This aspect of ACSI/CFI's motion is also be denied.

### 6.  HKA's Opinion Regarding Why Government Agencies Award Various BPAs and Contracts

Next, ACSI/CFI complain that section IV in the CFI HKA report should be

excluded because it improperly opines on the reason government agencies award

contracts.   The Court agrees that this evidence is no longer relevant at this stage of

the proceedings.  Accordingly, this aspect of ACSI/CFI's motion will be granted.

### 7.  HKA's Opinion Regarding Deductions and Expenses

In HKA CFI Report § VII.B, HKA attempted to prove the applicable

deductions against the revenue amounts shown by Mr. Haas. In "proving" the

applicable deductions, HKA "relied on the ForeSee profit and loss statements

provided by Verint." HKA CFI Report p. 42.  HKA also "relied on Kim Enders

(Vice President – Finance at Verint) to identify general and administrative

expenses as fixed, semi-variable, or variable." *Id*. n. 236. ACSI/CFI argue HKA's

reliance on profit and loss ("P&L") statements and explanations by Verint's VP of

Finance demonstrates two fundamental failures in HKA's methodology, either of which make HKA's opinion unreliable.

First, based on the documents prepared by HKA, ForeSee had dozens of expense categories such as "Base Salaries – R&D," "Software Licensing," "Legal Fees," and so on. However, a P&L statement does not provide any detailed descriptions of individual revenue or expense items. Importantly, ForeSee/Verint P&L statements did not separate public sector revenue and expenses – the subject of Mr. Haas' report – from private sector revenue and expenses. HKA CFI Report p. 42.   In an attempt to address this lack of discrete information, HKA applied a "revenue allocation rate" purportedly "based on the ratio of Government contract awards to ForeSee's total revenue" (calculated year-to-year) and a "headcount allocation rate" (calculated based on an estimate of the number of public sector sales persons in 2018). *Id.* pp. 42-43. However, both allocation rates are little more than guesses. First, there is no evidence that HKA considered profit margins for public sector business separately from private sector business; instead, HKA assumed them to be identical. Second, there is no evidence that HKA considered that the 2018 headcount was only an estimate, that headcounts may have varied from year-to-year, or that it takes more – or less – sales persons to sell into the public sector than the private sector.  These allocation rates, upon which all of HKA's opinions are based, are unreliable.

Second, compounding HKA's failure to look at the source records for the ForeSee financial information, to the extent that HKA performed any validation at all, it was by relying on hearsay – namely, information extracted from conversations with Verint's VP of finance, Kimberly Enders. While Ms. Enders was, according to HKA, "very familiar and had access to the types of financial information that we had asked for and that we were provided," Dep. Bingham 97:23-98:1, she was not an employee of either ForeSee or Answers (which owned ForeSee prior to its acquisition by Verint.). As such, the information HKA obtained from Ms. Enders went through several layers of hearsay, from the aggregation of individual transactions into P&L summaries by some unnamed ForeSee accounting staffer, to the transfer of P&L summaries from ForeSee to Answers and from Answers to Verint, to Ms. Enders review of the P&L summaries, and finally to HKA. Given the number of intervening transfers of information between the incurrence of any given expense and the opinions rendered by HKA on the deductibility of that expense, the financial information provided to HKA was inherently unreliable. *See Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (expert testimony based on speculation, conjecture, or unrealistic assumptions should be excluded); *see also Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 267 (W.D.N.Y. 2013).

Therefore, because the financial information upon which HKA relied comprised multiple layers of hearsay, because HKA performed no independent verification of the hand-me-down financial information, and because HKA's method of allocating public versus private sector expenses was flawed at best, HKA's opinion of the deductibility of ForeSee/Verint expenses is unreliable. Therefore, HKA should be excluded from testifying on any matter disclosed within HKA CFI Report § VII.B.

Here again, Plaintiffs' criticisms of the deductions applied by the CFI HKA Report go to the weight of the opinions, rather than their admissibility. For example, Plaintiffs criticize HKA's use of ForeSee's detailed profit and loss statements as a basis for determining the appropriate deductions. However, profit and loss statements are the type of documents typically relied on by damages experts and accountants to make the very type of determinations at issue here.

Plaintiffs further argue that the HKA Report in the CFI case does not "prove" deductions. CFI case, ECF No. 62, PageID.2101-2102. It is not the role of the expert to "prove" deductions, but rather to provide their analysis and opinions based on their expertise and the facts of the case.

Because ACSI/CFI's arguments go to the weight of the testimony, as opposed to its admissibility, this aspect of their motion will also be denied.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, ACSI's Motion to Exclude Testimony of Expert Dr. Jose Benki [#82], Motion to Limit Testimony of Expert Dr. Wynne W. Chin [#87], Motion to Exclude Expert Matthew Ezell [#83], Motion to Exclude Testimony of Expert Dr. Duane L. Steffey [#86], Motion to Exclude Testimony of Expert Dr. Robert Leonard [#88], and Motion in Limine to Exclude the Expert Reports of Robert G. Wallace [#91] are MOOT.   The expert testimony of these witnesses is irrelevant to the remaining issues in this matter and therefore it is inadmissible because none of the proposed testimony will assist the jury in determining a fact in issue.

ACSI's Motion to Exclude Testimony of Experts Greg Bingham and Patrick Jensen [#84] is GRANTED IN PART and DENIED IN PART.   HKA's opinions on "case background," "government contract background," "causation," and "why government agencies award various BPAs and contracts" are excluded from trial. HKA's opinions on "the value of the license," "double recovery," and "deductions and expenses" are admissible under Rule 702.

SO ORDERED.

Dated:  January 10, 2023                                /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 10, 2023, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Deputy Clerk