UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CUSTOMER
SATISFACTION INDEX, LLC,

          Plaintiff,

                                  Case No.: 18-13319

v.                             Honorable Gershwin A. Drain

FORESEE RESULTS INC.,

          Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART OMNIBUS MOTIONS IN LIMINE [ECF NOS. 191-192]

### I.    INTRODUCTION

On October 24, 2018, Plaintiff American Customer Satisfaction Index, LLC (ACSI) filed the instant action against Defendant ForeSee Results Inc. (ForeSee) alleging, among other claims, unfair competition under Michigan law and the Lanham Act. On February 14, 2022, this Court held Defendant ForeSee liable under the Lanham Act and Michigan common law for its unfair competition as a holdover licensee and its continued use of the ACSI mark in connection with its services in its summary judgment opinion and order. *See* ECF No. 167. Thus, the remaining issue for trial is the quantification of Plaintiff's actual damages. *See* ECF No. 185, PageID.31408.

Now before the Court are the parties' Omnibus Motions in Limine.  *See* ECF Nos. 191, 192. These matters are fully briefed and a hearing is scheduled for March 15, 2023.  For the reasons that follow, the Court will grant in part and deny in part both parties' Omnibus Motions in Limine.

## II. LAW & ANALYSIS

### A.  Standard of Review

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible.  *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Johasson v. Lutheran Child & Family Servs.*, 115 F.3d  436, 440 (7th Cir. 1997)). A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds.  *Id*.  When a court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context.  *Id*.  Whether or not to grant a motion in limine falls within the sound discretion of the trial court.  *Branham v. Thomas Cooley Law Sch*., 689 F.3d 558, 560 (6th Cir. 2012).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. ACSI'S OMNIBUS MOTION IN LIMINE

#### 1. Equitable Determinations

Plaintiff argues the Court should limit the issue to be determined at trial to valuation of an annual licensing fee and make equitable determinations in post-trial proceedings. Plaintiff asserts Defendant is attempting to retry all the facts by its position that an issue for the jury is whether a monetary award to the Plaintiffs is equitable. *See* ECF No. 189, PageID.31474. Specifically, in Defendant's Motion to Consolidate Cases, Defendant asserted:

> Here, whether it is equitable to award damages to the Plaintiffs will involve overlapping questions of fact, such as: (1) ForeSee's acts are at issue in both cases, so determining the effect of ForeSee's acts on the equities will overlap, and (2) Plaintiffs' acts (or lack thereof) overlap due to common ownership (Dr. Fornell) and common leadership.

*Id*.

Plaintiff asserts equitable considerations are undertaken by the Court, and not a jury. Thus, Plaintiff further maintains Defendant does not have an implied right to a jury trial on damages because the Court is empowered to impose a "compulsory license," or confirm the value of the license is $300,000.00 based on the Court's summary judgment decision finding liability and willfulness. Thereafter, the Court can decide whether Plaintiff may recover actual and enhanced damages subject to the principles of equity.

Defendant responds that it would be error to exclude evidence relevant to the value of the license.  Defendant disputes that the Court's summary judgment opinion established a specific value for the license and argues the Plaintiff has overstated the Court's opinion.  Defendant maintains it should be permitted to introduce evidence relating to the value of similar licenses for government services, the reasons ForeSee terminated the license, the relationship history of the parties, the value of the ACSI designations demonstrated by their recent sale, and Dr. Fornell's role as chairman of the board of ForeSee when the sublicense was negotiated with Plaintiff, and later terminated.  Defendant contends the jury should be allowed to weigh the fact the license deal was not an arm's length transaction. Defendant also argues it should be allowed to introduce evidence about the license granted by the University of Michigan to CFI Group USA LLC for an annual fee of $150,000.00; the unconditional sale of the marks to ACSI LLC for $400,000;

and the fact CFI operated for more than a decade using the ACSI marks, while

paying nothing at all for such use. Finally, Defendant asserts the jury should be

able to consider whether Plaintiff unreasonably delayed in asserting its rights.

In reply, Plaintiff argues that Defendant has no expert competent to testify

about how the uncontested facts might impact the value of a 2013 license.

Section 1117(a) of the Lanham Act provides:

> When a violation [has] been established [], the plaintiff shall be
> entitled, [] subject to the principles of equity, to recover (1)
> defendant's profits, (2) any damages sustained by the plaintiff, and (3)
> the costs of the action. The court shall assess such profits and
> damages or cause the same to be assessed under its direction. In
> assessing profits the plaintiff shall be required to prove defendant's
> sales only; defendant must prove all elements of cost or deduction
> claimed. In assessing damages the court may enter judgment,
> according to the circumstances of the case, for any sum above the
> amount found as actual damages, not exceeding three times such
> amount. If the court shall find that the amount of the recovery based
> on profits is either inadequate or excessive the court may in its
> discretion enter judgment for such sum as the court shall find to be
> just, according to the circumstances of the case. Such sum in either of
> the above circumstances shall constitute compensation and not a
> penalty. The court in exceptional cases may award reasonable
> attorney fees to the prevailing party.

15 U.S.C. § 117.

Here, the Court concludes that Plaintiff is correct that equitable

determinations are made by the Court and not the jury and post-trial proceedings

will be necessary. The jury's consideration of a fair or reasonable license fee is the

only issue before it. Section 1117(a) allows Plaintiff to recover (1) lost profits and,

(2) actual damages, and the costs of the action. "The Court shall assess such profits and damages . . . subject to the principles of equity." Thus, the Court determines whether Plaintiff recovers actual damages, enhanced damages and whether the case is exceptional such that attorney fees and costs should be awarded after the jury determines the reasonable value of the license. *Id.* As such, evidence concerning the reasons ForeSee terminated the license, Dr. Fornell's role as chairman of the board of ForeSee when the sublicense was negotiated with Plaintiff, Plaintiff's purported delay in asserting its rights, and the relationship history of the parties is irrelevant to determining a reasonable royalty rate. This aspect of Plaintiff's motion is granted.

However, to the extent Plaintiff seeks to preclude evidence relevant to the issue of the license valuation, the motion is denied. Evidence of other license fees for similar services near the time of 2013, and the ACSI designation's sale price are relevant to the quantification of a reasonable royalty rate.

### 2.  Dr. Fornell's Ownership and Double Recovery Theory

Next, Plaintiff argues Dr. Fornell's partial ownership of CFI is irrelevant to the quantification of damages. Plaintiff complains that Defendant continues to erroneously advance a double recovery theory–awarding lost licensing fees to ACSI and awarding disgorgement of profits to CFI constitute a double recovery. Plaintiff asserts this theory is legally infirm and a red herring because a single

plaintiff may recover both actual damages and profits even if they were not direct competitors. Therefore, even if Plaintiff, CFI, and Dr. Fornell were a single, hybrid human/corporate entity, there is no overlap between the lost licensing fee and the lost contracts. The lost licensing fees is money Defendant kept to the detriment of Plaintiff, its former licensor. Verint's ill-gotten profits is money it took from the government under false pretenses to the detriment of CFI, its competitor.

Defendant counters that Dr. Fornell's overlapping ownership of ACSI, CFI and ForeSee remains a relevant fact that a jury and/or the Court should consider in determining the proper measure of damages and weighing the equities. Defendant argues the license agreement does not represent an arm's length transaction and is therefore relevant to valuation and because it shows bias. Defendant maintains that Dr. Fornell's involvement on both sides of the 2012 sublicense deal between Plaintiff and Defendant is relevant to the question of the value of the license, specifically whether the prior royalty rate of $300,000.00 per year is a sound measure for what ForeSee would have paid once it became independent of Dr. Fornell.

Lastly, Defendant argues evidence of how these cases are funded and Dr. Fornell's coordination of both lawsuits to strong-arm Verint into purchasing CFI are relevant to the issue of double recovery. These same facts are relevant to the weighing of the equities—whether it is fair to allow Dr. Fornell to double dip on

damages.  Defendant maintains the Court has held the issue of double recovery remains in this action.  Defendant claims Plaintiff has confused its double recovery issue, which is really a question of whether allowing another Dr. Fornell controlled company to recoup damages constitutes overcompensation under the facts of this case.

The Court will grant Plaintiff's second motion in limine.  The fact that Dr. Fornell had overlapping partial ownership of ACSI and was on ForeSee's board of directors when the 2012 license was negotiated is not relevant to valuation of the license. Defendant has provided no authority for its position.  Additionally, Defendant's double recovery theory is not appropriate for the jury's consideration. Defendant's double recovery theory wholly sounds in equity, where Defendant argues "the relevant question is whether a second award of damages to another Dr. Fornell-controlled company would result in overcompensation given the particular facts of the case."  This double recovery theory is not admissible.

### 3.  Summary Judgment Opinion

Finally, Plaintiff asserts the Court should preclude evidence and argument on topics conclusively adjudicated by this Court's summary judgment order, including that:

- Defendant used ACSI methodology after 2011;

- Defendant owns ACSI methodology;

- ACSI methodology is in the public domain;

- Defendant is affiliated with ACSI LLC;

- It did not use the ACSI marks in order to secure contracts;

- It did not know its use of the ACSI marks was unauthorized;

- It did not know that it could only secure government contracts if its claimed affiliation with ACSI LLC;

- Its representatives and employees did not know they could no longer represent an affiliation with ACSI LLC after terminating its license;

- It did not send countless emails in which it used the ACSI marks to market its products;

- The confusion it caused is the result of government carelessness;

- The confusion it caused is Dr. Fornell's fault;

- The ACSI marks and methodology are not well known; and that

- The ACSI marks are generic.

Defendant counters that it should be permitted to introduce evidence that not all government agencies were confused, and that not every contract Defendant obtained was because of an improper use of the ACSI designation.   Defendant further asserts that the Court has never opined on whether the ACSI methodology is in the public domain and on December 19, 2002, ForeSee was assigned "all right, title and interest" to (1) U.S. Patent No. 6,192,319; (2) the propriety software

which measures satisfaction by using new imputation estimation and sample design, [] (3) all propriety information relating to the propriety software, which includes Dr. Fornell's PLS algorithm.

Here, Defendant's argument is not well-taken. Defendant fails to demonstrate that evidence concerning the ACSI methodology is relevant to quantification of the license to use the marks and claim an affiliation with ACSI. This final motion will also be granted.

### C. **FORESEE'S OMNIBUS MOTION IN LIMINE**

### 1. **Financial Status and Insurance Policies (MIL #1)**

Defendant argues Plaintiff should be precluded from introducing any evidence or argument about Defendant's financial status, including the financial status of its corporate parent, Verint Americas Inc.  Defendant further asserts that Plaintiff should be precluded from introducing argument that the royalty it seeks is only a small fraction or percentage of Defendant's overall revenue.  Finally, Defendant argues Plaintiff should be precluded from introducing evidence of Defendant's insurance policy, or lack thereof.

Plaintiff does not object to the request to preclude presentation of evidence and argument on the financial status or insurance policies of Defendant in Plaintiff's case-in-chief.  However, if Defendant raises either issue first, Plaintiff

reserves the right to present rebuttal evidence on these issues.  Based on the

foregoing considerations, the Court grants Defendant's first motion in limine.

### 2.  Evidence of Other Monetary Damages (MIL #2)

Next, Defendant argues Plaintiff should be precluded from offering any

evidence or argument that it suffered any monetary damages other than the loss of

license royalties.  Plaintiff does not oppose this motion; therefore, this motion is

granted.

### 3.  Plaintiff's Damages Expert (MIL #3 and #4)

Defendant further asserts that Plaintiff's damages expert, David Haas,

should be limited to testifying about his opinions in his submitted reports.

Additionally, Defendant argues that Plaintiff's expert should be precluded from

offering his opinions set forth in the "Background Facts" of his expert report.

Consistent with this Court's ruling excluding the "Background Facts" section of

Defendants' expert report, the Court should likewise exclude this section in Mr.

Haas' report.

Plaintiff responds that it does not oppose Defendant's motion to the extent it

applies to Mr. Haas' testimony in Plaintiff's case-in-chief.  However, Plaintiff

reserves the right to present any of Mr. Haas' disclosed opinions in the form of

demonstrative exhibits, whether or not the reports disclosed those exhibits.

Defendant agrees it does not seek to preclude Plaintiff's expert from offering a

timely disclosed demonstrative exhibit reflected in his opinions contained in his reports.  Plaintiff also argues it should be permitted to elicit opinion testimony to the extent it may be needed to rebut any opinion testimony presented by Defendant's damages expert.  As long as Plaintiff's expert's rebuttal testimony does not include a new, undisclosed opinion, this is permissible.

Further, Plaintiff does not oppose that Mr. Haas should be precluded from introducing background case facts at trial, but maintains he is permitted to remark upon the facts related to the ACSI/ForeSee licensing history, section ¶¶ 24 -29 of his report.  Plaintiff maintains Mr. Haas identifies provisions of the authentic documents, including the trademark licenses, a license agreement, and ForeSee's termination of its license.  These documents are independently admissible as party admissions and business records.  These facts are inherent to Mr. Haas's opinion and he should not be precluded from relying on them, even if he is not the conduit for their introduction into evidence.

Based on the foregoing, Defendant's motions in limine #3 and #4 are granted.  Plaintiff is precluded from introducing background facts that have not been stipulated to or otherwise corroborated by fact witnesses during his testimony and he may not offer any new opinion testimony.  He may testify with timely disclosed demonstrative exhibits limited to the subject matter in his expert reports.

### 4.  Willfulness (MIL #5)

Next, Defendant argues Plaintiff should be precluded from introducing any evidence or argument related to the intentionality of Defendant's acts of unfair competition as already found by the Court.  Plaintiff responds that while it agrees willfulness has no bearing on the valuation of a license, the trier of fact must nonetheless be instructed that Defendant willfully and intentionally used the marks in numerous emails and marketing materials in order to capitalize on ACSI LLC's goodwill and because it knew it could not win contracts without falsely claiming an affiliation with Plaintiff and its marks.  Plaintiff argues this is the law of the case and properly frames the issue with respect to "what amount ForeSee and ACSI LLC would have agreed to for a license in a hypothetical negotiation on December 8, 2013.

Plaintiff's argument is not well taken.  Evidence of ForeSee's willfulness is irrelevant to the value of a license.  The jury will be instructed that ForeSee used the marks to capitalize on the ACSI LLC's goodwill without paying for a license to do so.  Defendant's fifth motion in limine is granted.

### 5.  Service Mark Use of "ASCI" (MIL #6)

Defendant also asserts that the license agreement between ForeSee and the Plaintiff provided Defendant the right to use the ACSI designations as trademarks in the sale of customer satisfaction services.  Thus, Defendant's license did not

cover any algorithm or methodology and Plaintiff should not be permitted to argue otherwise.  Plaintiff does not oppose this motion, therefore Defendant's sixth motion in limine will be granted.

### 6.  Trademark License (MIL #7)

Defendant also argues Plaintiff should be precluded from asserting the license agreement required Defendant to obtain a trademark license. Plaintiff does not oppose this motion, therefore Defendant's seventh motion in limine is granted.

### 7.  CFI's License Payment Before 2007 (MIL #8)

Next, Defendant asserts that it sought all licenses to the ASCI designations during discovery, however Plaintiff never disclosed any licenses granted to CFI prior to 2007.  As such, any evidence that CFI paid for the right to use the ACSI designations prior to 2007 should be excluded.  While Plaintiff does not oppose this motion, Plaintiff reserves the right to argue for the preclusion of any argument advanced by Defendant suggesting the lack of a license from a different party to a different party, occurring over 15 years ago, is relevant evidence as to the value of a license.

Based on the foregoing considerations, this motion is granted and Plaintiff is precluded from offering evidence or argument that CFI paid for a license to use the ACSI marks prior to 2007.  If Defendant intends to offer evidence or argument that CFI used the marks without a license, it must first demonstrate the relevance

between the value of the license and the lack of a license involving different

parties, more than six years prior to 2013.  Plaintiff may have an opportunity to

respond to Defendant's argument.

### 8.  Public Sector Contracts (MIL #9)

Defendant further argues that the Court has never held every contract

between ForeSee and a federal agency required ACSI methodology.  Therefore,

Plaintiff should be precluded from attempting to expand the Court's limited

findings of fact because it would be unfairly prejudicial and could mislead the jury.

Defendant maintains the jury should be allowed to consider each contract

separately.

Here, the question before the trier of fact is quantification of the annual

license fee that Defendant should have paid in order to represent an affiliation with

ACSI to customers.  Thus, delineating which contracts expressly required ACSI

methodology and those that did not have this requirement is not relevant to

determining the value of the license.  Defendant's ninth motion in limine is denied.

### 9.  Methodologies (MIL #10)

This Court's order on the parties' Daubert motions concluded the "Court's

summary judgment decision now renders all expert testimony on the differences

between the two methodologies irrelevant."  ECF No. 185, PageID.31410.  As

such, Defendant argues Plaintiff should be precluded from presenting evidence or

argument that ForeSee's methodology is inferior to, or not comparable with, the ACSI methodology. Plaintiff responds that it does not oppose Defendant's tenth motion in limine, however if ForeSee references similarities or differences between PLS and GSCA, Plaintiff reserves the right to challenge such an argument.

### 10. Dr. Fornell's PLS Algorithm (MIL #11)

Defendant asserts that Plaintiff claims Dr. Fornell's PLS algorithm is not public but has provided no evidence to support this claim. As such, Plaintiff should be precluded from offering any evidence or argument that Dr. Fornell's algorithm is a trade secret. Plaintiff responds that whether Dr. Fornell's PLS algorithm is a trade secret is irrelevant to any question of material fact in this case because the issue for the jury to decide is the quantification of the value of a license to use the ACSI mark, and not the quantification of the value of a license to use the ACSI methodology. The Court will grant this motion. Plaintiff may not argue Dr. Fornell's PLS algorithm is a trade secret and Defendant may not argue Dr. Fornell's PLS algorithm is relevant to determining the value of a hypothetical license.

### 11. Fame (MIL #12)

Next, Defendant argues the Court has never found the ACSI designation is commercially strong, famous or well known by the public. Rather, the Court considered the Frisch factors and determined they show a likelihood of confusion.

16

As such, Defendant maintains Plaintiff should be precluded from offering evidence or argument that the ACSI mark is a famous or well-known trademark.

Here, the Court has already found a likelihood of confusion or value of a license. As such, Plaintiff has no reason to present evidence that the mark is famous or well known as this has no bearing on the remaining issue in this case. This motion will be granted. However, should Defendant argue or present evidence that strength of the mark is relevant to the license valuation, Plaintiff may argue that it is permitted to rebut this evidence.

### 12.  Generic (MIL #13)

Defendant also asserts that while the Court concluded the ASCI term is not generic, the Court has not determined that ASCI does not also have a generic or non-trademark definition in addition to a trademark meaning. As such, Defendant asserts it should not be precluded from offering evidence or argument that the royalty rate for the ASCI trademark should be lower because it can be used with a generic meaning.

The Court will deny this motion. This Court has found as a matter of law that "the summary judgment evidence conclusively demonstrates that Defendant willfully used the ACSI marks in a trademark way." ECF No. 174, PageID.31244. The Court therefore did not find Defendant liable for using the ACSI mark

generically.  Defendant is therefore precluded from denying that it used the ACSI mark in a trademark way.

### 13.  Exclusive Licensee (MIL #14)

Defendant also argues that Plaintiff has repeatedly argued it was the exclusive licensee of the ACSI designations.  However, this Court determined that ACSI was not the exclusive licensee of the designations in a prior decision.  As such, Plaintiff should be precluded from offering any evidence or argument contradicting this Court's holding.  Plaintiff's argument is not well taken.  This motion is granted.

### 14.  Misrepresentations That Do Not Involve ACSI (MIL #15)

Defendant argues misrepresentations that do not involve ACSI are irrelevant and would be unfairly prejudicial if introduced at trial.  Plaintiff does not oppose Defendant's fifteenth motion in limine.  Therefore, this motion is granted.

### 15.  Conduct During Discovery (MIL #16)

Defendant also requests that the Court preclude Plaintiff from introducing any evidence or argument concerning the parties' discovery disputes.  Defendant argues the parties' conduct during discovery is irrelevant to any of the issues in this case.

Plaintiff responds that it does not oppose Defendant's sixteenth motion in limine, however in the companion case, Verint recently disclosed the existence of

an insurance policy but has not disclosed its substance.  To the extent the policy has any bearing on the remaining questions of fact in this case, Plaintiff reserves the right to present evidence or argument relating to the insurance policy and the late date it was produced.

Because the Court does not possess sufficient information to opine on the relevancy of an insurance policy to the remaining damages issue in this case, the Court will grant Defendant's sixteenth motion in limine.  However, Plaintiff will have an opportunity at the time of trial to argue its relevancy to the remaining issues in this case if the substance of the policy appears relevant to these issues.

### 16.  Non-Designated Testimony (MIL #17)

Finally, Defendant argues the Court should preclude Plaintiff from introducing any evidence or argument involving any non-designated testimony for any witness not testifying live at trial.  Rule 26 of the Federal Rules of Civil Procedure requires parties to designate any testimony they wish to present by deposition rather than by live testimony.  See Fed. R. Civ. P. 26(a)(3)(ii).

Plaintiff responds that it has no objection to Defendant's seventeenth motion in limine to the extent ACSI is precluded from offering non-designated testimony in ACSI's case-in-chief.  Plaintiff reserves the right to present evidence or argument involving non-designated testimony to the extent necessary to rebut or

impeach testimony ForeSee presents in its case-in-chief. Accordingly, Defendant's seventeenth motion in limine is granted.

## III. CONCLUSION

Accordingly, ACSI's Omnibus Motion in Limine [#191] is GRANTED IN PART and DENIED IN PART. Equitable determinations are made by the Court and not the jury; post-trial proceedings are necessary for the Court to determine whether Plaintiff is entitled to its actual damages, enhanced damages, and exceptional damages. At trial, only evidence relevant to the issue of a reasonable royalty rate will be admitted, which includes evidence of other license fees for similar services near the time of 2013 and evidence concerning the ACSI designation's sale price. However, Defendant's double recovery theory, evidence that Dr. Fornell was a chairman of the board of ForeSee when the sublicense was negotiated with Plaintiff, and Plaintiff's purported delay in asserting its rights are not admissible. Defendant's double recovery theory and other equitable arguments are reserved for post-trial proceedings. Finally, Defendant is precluded from offering evidence and argument on topics conclusively adjudicated by this Court's summary judgment opinion and order.

ForeSee's Omnibus Motion in Limine [#192] is GRANTED IN PART AND DENIED IN PART.

Defendant's 1st MIL is GRANTED.  Plaintiff is precluded from introducing any evidence or argument about Defendant's financial status, any argument that the royalty it seeks is only a small fraction of Defendant's overall revenue, and any evidence or argument related to Defendant's insurance policy, or lack thereof.

Defendant's 2nd MIL is GRANTED.  Plaintiff is precluded from offering any evidence or argument that it suffered any monetary damages other than the loss of license royalties.

Defendant's 3rd and 4th MIL are GRANTED. Plaintiff is precluded from introducing background facts that have not been stipulated to or otherwise corroborated by fact witnesses during Mr. Haas's testimony and he may not offer any new opinion testimony.  Mr. Haas may testify with timely disclosed demonstrative exhibits limited to the subject matter in his expert reports.

Defendant's 5th MIL is GRANTED.  Evidence of ForeSee's willfulness is irrelevant to the value of a license and it is inadmissible.  The jury will be instructed that ForeSee used the marks to capitalize on ACSI LLC's goodwill without paying for a license to do so.

Defendant's 6th MIL is GRANTED.  Plaintiff is precluded from arguing the license covered an algorithm or methodology.

Defendant's 7th MIL is GRANTED.  Plaintiff is precluded from arguing the license agreement required Defendant to obtain a trademark license.

Defendant's 8th MIL is GRANTED.  Plaintiff is precluded from offering evidence or argument that CFI paid for a license to use the ACSI marks prior to 2007.  If Defendant intends to offer evidence or argument that CFI used the marks without a license, it must first demonstrate the relevance between determining a reasonable royalty rate and the lack of a license involving different parties, more than six years prior to 2013.  Plaintiff may have an opportunity to respond to Defendant's argument.

Defendant's 9th MIL is DENIED.  While Plaintiff may not advance an argument that every contract required ACSI methodology or an affiliation with ACSI, Defendant may not argue consideration of each contract separately is required to determine the value of a hypothetical license.

Defendant's 10th MIL is GRANTED.  Plaintiff is precluded from presenting evidence or argument that ForeSee's methodology is inferior to, or not comparable with, the ACSI methodology.  However, if ForeSee references similarities or differences between PLS and GSCA, Plaintiff has the right to challenge such an argument.

Defendant's 11th MIL is GRANTED (with the caveat that Defendant may not offer argument or evidence that Dr. Fornell's PLS algorithm, and whether it is a trade secret, is relevant to the quantification of the value of a license to use the ACSI mark).

Defendant's 12th MIL is GRANTED.  Plaintiff is precluded from offering evidence or argument that the ACSI mark is a famous or well-known trademark. However, should Defendant argue or present evidence that strength of the mark is relevant to the license valuation issue, Plaintiff may rebut this evidence or argument.

Defendant's 13th MIL is DENIED.  Defendant is precluded from denying that it used the ACSI mark in a trademark way.

Defendant's 14th MIL is GRANTED. Plaintiff is precluded from offering any evidence or argument contradicting this Court's holding that it is not an exclusive licensee.

Defendant's 15th MIL is GRANTED.  Plaintiff is precluded from offering misrepresentations that do not involve ACSI.

Defendant's 16th MIL is GRANTED.  Plaintiff is precluded from introducing any evidence or argument concerning the parties' discovery disputes.

Defendant's 17th MIL is GRANTED. Plaintiff is precluded from offering non-designated testimony in its case-in-chief.  However, Plaintiff may present evidence or argument involving non-designated testimony to the extent necessary to rebut or impeach testimony Defendant presents in its case-in-chief.

The parties SHALL return to the facilitator, Thomas G. McNeill of Dickenson Wright, PLLC, and try to resolve the case in light of these decisions or

consider facilitating with retired Magistrate Judge Mona K. Majzoub before the April 26, 2023 trial in this matter.

SO ORDERED.

Dated:  March 15, 2023                              /s/Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager